## R. R. Dulin v. Pearl Moore et al.

No. 1155. Decided December 3, 1902.

**1.—Will—Construction.**

In construing a will all its provisions must be looked to, apparently conflicting ones reconciled if possible, and the intention of the testator given effect where it contravenes no inflexible rule of law. (P. 138.)

**2.—Same—Repugnancy—Trusts.**

A will, in one clause, gave property of testator to certain named devisees without qualification, and in subsequent clauses created a trustee to receive and control same during their lives, with power to sell only for reinvestment and directions for expending the income for necessaries for their benefit. Held, that the latter clauses were not void for repugnancy to the apparent grant in fee simple contained in the former; the several clauses should be construed together; and the intention was to devise the legal title in trust for the beneficiaries named. (Pp. 137-139.)

**3.—Perpetuities—Restraint on Alienation.**

A trust to continue only for "lives in being" does not violate the rule against perpetuities; nor is a prohibition upon such trustee against selling except for reinvestment an unlawful restraint on alienation, if in any sense a restraint. (Pp. 139, 140.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Grayson County.

Pearl Moore and others sued R. R. Dulin and had judgment, which was affirmed on appeal by defendant, who thereupon obtained writ of error.

*J. F. Holt,* for plaintiff in error.—Taking into consideration the entire codicil, it is manifest that there does not vest in the appellees the fee simple title to the property claimed by them.

Taking into consideration the entire will, it seems clear that the

testatrix's general plan was to create a trust fund, the income from which was to be used for the support and maintenance of the appellees during their lives, the legal title to the trust fund vesting in the appellant as trustee for said purposes. Powers being reposed in the trustee and duties imposed upon him, the trust becomes an active one. It contravenes no rule of law and is valid. Monday v. Vance, 92 Texas, 428; Wallace v. Campbell, 53 Texas, 229; Meek v. Briggs, 54 N. W. Rep., 456; Bozarth v. Watts, 61 S. W. Rep., 108; Boston Safe Deposit Co. v. Mixter, 15 N. E. Rep., 141; Rife v. Geyer, 98 Am. Dec., 351, 59 Pa. St., 393; Garland v. Garland, 24 Am. St. Rep., 682, and notes, pp. 686-696; Smith v. Towers, 14 Atl. Rep., 497; Bank v. Adams, 43 Am. Rep., 504; Lampert v. Haydel, 9 S. W. Rep., 780-785 (Mo.); Partridge v. Cavender, 4 S. W. Rep., 785; 1 Underhill on Wills, sec. 527, and notes; 23 Am. and Eng. Enc. of Law, 14; 27 Id., pp. 107, et seq., 234, and notes on pp. 110-117; 2 Redf. on Wills, star page 302, note 93.

*J. H. Wood* and *J. M. Semple,* for defendants in error.—The codicil conveyed to plaintiffs a fee simple estate in the property devised to them. Rev. Stats., art. 627; May v. Townsite Co., 83 Texas, 503; Bell v. Alexander, 22 Texas, 351.

Items 9 and 10 of the codicil authorizing the defendant to receive and control the property bequeathed and devised to plaintiffs during their lives, are inconsistent with and repugnant to the fee simple estate held by plaintiffs, and are therefore null and void, and plaintiffs take said property relieved of said restrictions. Laval v. Staffel, 64 Texas, 370; Spears v. Ligon, 59 Texas, 233; White v. Dedmon, 57 S. W. Rep., 871; Mendlebaum v. McDonell, 29 Mich., 78; Gleason v. Fayerweather, 4 Gray, 348; Bennett v. Chapin, 77 Mich., 527; Oxley v. Lane, 35 N. Y., 346; St. Amour v. Rivard, 2 Mich., 294; Goodell v. Hibbard, 32 Mich., 47; Toms v. Williams, 41 Mich., 552; Rhoades v. Rhoades, 43 Ill., 239; Blair v. Van Blarcun, 71 Ill., 290; Markille v. Ragland, 77 Ill., 98; 23 Am. and Eng. Enc. of Law, old ed., 14; 29 Am. and Eng. Enc. of Law, old ed., 484, and note 5; 2 Jarm. on Wills, top pp. 527-529 (note on p. 527), 538, 557; 2 Redf. on Wills, 288-9, 308, and note; 3 Redf. on Wills, 494, sec. 41; Schouler on Wills, 602 and note; In re Van Dusen's Estate, 5 Pa. Dist. Rep., 234.

A devise of the revenue and proceeds of property, real or personal, without limitation over, whether through the interposition of a trustee or not, is a devise of the property itself. Passman v. Guarantee, etc., Co., 41 Atl. Rep., 953; Manning v. Craig, 4 N. J. Eq., 436; Craft v. Snooks' Exrs., 13 N. J. Eq., 121; Gulick v. Gulick's Exrs., 27 N. J. Eq., 500; Philipps v. Chamberlaine, 4 Ves., 51; Earl v. Grim, 1 Johns. Ch., 499.

GAINES, Chief Justice.—This suit was brought by the defendants in error as devisees under the will of Martha B. Moore, deceased, against

the plaintiff in error for a construction of the will and in effect to have declared void certain provisions thereof, and to recover certain property held by the defendant below under such provisions. The provisions of the will which call for construction appear in a second codicil and are as follows:

"Item 2d. To the children of my son, A. B. Moore, he being dead, I give and devise lots Nos. 49 and 59 in the M. B. Moore addition to the city of Sherman, and I give and devise to said children all of my property located on the east side of South Travis street in said city of Sherman, and which is immediately adjoining the Methodist Church, and which is located south of Jones street. Should I sell said lots Nos. 49 and 59, or either of them, then my executor is hereby directed to pay to R. R. Dulin, as trustee, for the use and benefit of said children, a sum of money equal to the amount I may have received for the said lot or lots, no interest, however, to be paid on such sum of money.

"Item 7th. By way of changing item 8 of my said will, I give, devise and bequeath the remainder of my property, both real, personal and mixed, not otherwise disposed of by me in my said will and its codicil, to Martha Laura Steedman, Maud A. Sawyer, the daughter of my daughter, Mary V. Keys, and to the children of said A. B. Moore and the children of my daughter, Anna Rainey. The said Maud A. Sawyer is to have a one-third part of the said remainder, and after her part is deducted, the balance of said remainder is to be equally divided between the said Martha Laura Steedman, the children of the said A. B. Moore and the children of said Anna Rainey; each one of these persons is to have an equal part.

"Item 9th. I hereby appoint R. R. Dulin of Sherman, Texas, trustee to receive and control the property bequeathed and devised to the children of A. B. Moore, and Martha Laura Steedman, by me.

"Item 10th. I hereby direct and empower the said trustees to keep possession and control of the property bequeathed and devised to their said beneficiaries during the lives of said beneficiaries. Said trustees are not authorized to dispose of any of the body of said property, but are expressly prohibited from so doing, except for the purpose of reinvesting, which last they may do at their discretion. Said trustees are authorized and empowered and directed to expend the rents, interests and profits arising from said property in furnishing the said beneficiaries with necessaries and such other things as may be suitable for the respective beneficiaries, according to their stations in life."

The trial judge, before whom the case was tried without a jury, held that the provisions in items 9 and 10 were repugnant to the devises contained in the previous clauses of the will and that they were therefore void, and gave judgment for the plaintiffs. The Court of Civil Appeals were of the same opinion and affirmed the judgment.

A similar question was presented in the case of McMurry v. Stanley, 69 Texas, 227. There the testatrix had in the third clause of her will

devised and bequeathed all of her estate real and personal to her husband, N. G. Bagley, in such terms as under our law, had it stood alone, would have conferred upon him a title in fee simple to the property. In the fourth clause, however, the testatrix provided, that should any of her property remain undisposed of at the death of her husband, it should "be given by him to" her "nieces Jessie McMurry and Flora Brown." In disposing of the question, Mr. Justice Stayton speaking for the court said: "In construing the will all its provisions should be looked to for the purpose of ascertaining what the real intention of the testatrix was; and if this can be ascertained from the language of the instrument, then any particular paragraph of the will, which, considered alone, would indicate a contrary intent, must yield to the intention manifested by the whole instrument. It is evident from an inspection of the will before us that it was not the intention of the testatrix, by force of the will alone, to vest in Jessie McMurry and Flora Brown a legal estate in remainder to be enjoyed by them after the termination of a life estate in N. G. Bagley, for the will does not so provide, but contemplates that N. G. Bagley shall do some act through which whatever legal estate or interest it was intended they should have, should vest." And again: "We are of the opinion that N. G. Bagley took, under the will, an estate in fee in the entire property, but that this was in trust for the beneficiaries named in the fourth paragraph of the will, except as their right was limited by the right given to him to use and dispose of the property during his lifetime, which was given by the express terms of the will." The deduction from that opinion is that in construing a will all of its provisions must be looked to, that provisions apparently conflicting must be reconciled if it be possible to do so, and that the intention of the testator must be given effect when it contravenes no inflexible rule of law. In wills as in all other written instruments, where the language admits of two constructions, one of which would render certain provisions void, and under the other of which all would be valid, the latter should prevail.

It follows, that in this case we must construe clauses 2 and 7 of the will in question in connection with clauses 9 and 10. The language of the two former, if unaffected by the latter two, would by virtue of the operation of our statute have conveyed to the devisees therein a fee simple title to the property. On the other hand, the language of the two latter shows unmistakably that it was the intention of the testatrix that Dulin should take, hold and control the property in trust for the benefit of the devisees mentioned in clauses 2 and 7. An important question, as it seems to us, is, was it the intention to confer upon the so-called "trustee" naked powers, or was it the intention to make him a trustee in fact, that is to say to invest him with the legal title, for the purposes of the trust? One to whom is given a naked power is known in law as a donee and not as a trustee. The latter word implies an investiture of the legal title. Besides this, the tenth clause empowers

Dulin to sell the property for reinvestment. In the case of Potter v. Couch, 141 U. S., 296, the Supreme Court of the United States quote with approval, and apply the principle announced in, the following proposition in the opinion of the Supreme Court of Illinois in the case of Kirkland v. Cox, 94 Ill., 415: "The power implied to sell is to sell the whole title—and to this is essential the power to convey that title, requiring, as a condition precedent, a fee simple estate in the trustees." The proposition as applied in·that case seems to us sound. Where an estate is conveyed to a trustee, it would appear that in determining the quality of the estate a power to convey the property indicates that the purpose was to invest him with the legal title. However, to apply it in the present case may be to beg the question. A power to convey may be given without the investiture of title in the donee. The question here is, did the testatrix intend to convey to Dulin any title whatever? But at all events we think the power to convey given to Dulin may be looked to, as throwing light upon the question whether it was the intention to invest him with the legal title. Besides all this, if it be conceded,. that, if the will had merely given Dulin a naked power, it would have been void as repugnant to those clauses of the will which gave the property to the defendants in error and therefore void,—a question we do not find it necessary to decide,—then upon the principle already announced, we would be bound to construe the will so as to give effect to every part of it, and to hold that it was the intention to invest Dulin with the title in trust, provided the language of the instrument be reasonably susceptible of that construction. That such construction is admissible we have no doubt. It is true that the will does not in express terms convey or "give" to Dulin anything. But the language of the will is not technical. It was evidently the purpose of the draughtsman to express the intention of the testatrix in the ordinary language of life. Clause 8 makes one Tuck trustee of other property devised by the will: clause 9 makes Dulin trustee of that in controversy in this suit. Clause 10 applies to both trustees and empowers "said trustees to keep possession and control of the property bequeathed and devised to their said beneficiaries during the lives of said beneficiaries." This clearly shows that the testatrix made no mistake in calling Tuck and Dulin trustees; that she intended that they should be trustees in law and in fact as well as by name, and that the devisees of the property referred to were to take as beneficiaries merely and not by fee simple title. Therefore we conclude, that although the will contains no words which expressly convey the legal title to Dulin, the intention. that he should take the legal title is as clearly manifested as if express terms had been employed.

The intention of the testatrix must be given effect, unless prohibited by law. That the provisions in clause 10 do not contravene any rule of law we think clear. The trust is only to continue for "lives in being," and therefore it does not violate the rule against perpetuity. The only

restraint upon alienation is the provision which prohibits the trustee from selling, except for the purpose of reinvestment. The evident purpose of this provision was to preserve the corpus of the estate, and if it be deemed in any sense a restraint on alienation, we are clearly of the opinion, that it is not an unlawful one.

The judgment of the District Court and that of the Court of Civil Appeals are reversed, and there being no controversy as to the facts, judgment is here rendered for plaintiff in error.

*Reversed and rendered.*