**EUBANK et al. v. MOORE et al.** (No. 2838.)

Court of Civil Appeals of Texas. Amarillo. June 8, 1927.

Rehearing Denied Sept. 7, 1927.

1. **Judgment ⬅═735—Former opinion construing will held not res judicata in determining estate given by clauses of will and codicil not construed therein.**

Former opinion of Court of Civil Appeals construing clause of original will, which did not attempt to specifically dispose of property in present suit, *held* not res judicata of issue presented under another clause of such will and clauses of codicil not construed in former opinion.

2. **Wills ⬅═671—Codicil devising over, on death of devisee without heirs of body, property devised by will and appointing trustee to control property held to create trust.**

Codicil devising over, on death of devisee without heirs of body, land devised to her in will and appointing trustee for such property created testamentary trust of which devisee was life beneficiary, and she had no power to convey fee-simple title.

3. **Wills ⬅═674—Codicil appointing trustees to receive and control property devised, with power to reinvest, held to create spendthrift trust.**

Second codicil appointing trustees to control property devised, with power of disposition and reinvestment and other powers, *held* to create spendthrift trust.

4. **Trusts ⬅═12—Spendthrift trusts are valid.**

Spendthrift trusts are valid and enforceable.

5. **Trusts ⬅═140(1)—Cestui qui trust prior to conveyance or distribution of property, subject to active trust, has only equitable interest and no title to any specific part thereof.**

Where legal title is vested in trustee under active trust requiring continuance of legal title in him to perform his duties, cestui qui trust prior to conveyance or distribution of property has only equitable interest and no title to any specific part thereof.

6. **Wills ⬅═687(1)—On death of life beneficiary of trust without heirs of body, remainder held to vest in remaindermen under will.**

Under will devising in trust for certain person with devise over on her death without heirs of body, on her death without issue remainder vested in remaindermen designated in will.

7. **Wills ⬅═184(1)—Whether codicil revokes original will must be determined on facts.**

Each case involving whether codicil revokes original will must be determined on own facts.

8. **Wills ⬅═184(3) — Generally, on inconsistency between will and codicils, provisions last executed prevail.**

Generally, where there is inconsistency between will and one or more codicils executed at different times, provisions last executed prevail, but only so far as they are inconsistent and irreconcilable with prior provisions.

Appeal from District Court, Grayson County; F. E. Wilcox, Judge.

Trespass to try title by B. H. Moore and others against Will C. Eubank and others. From a decree for plaintiffs and defendant Mrs. Anna Rainey, defendants Will C. Eubank and wife appeal. Affirmed.

Head, Dillard, Smith, Maxey & Head, of Sherman, for appellants.

Freeman, McReynolds & Hay and H. P. Abney, all of Sherman, for appellees.

HALL, C. J. The determination of the rights of the parties to this action require us to construe the will of Mrs. Martha B. Moore. She died in Grayson county on the 3d day of July, 1894, owning lot No. 15 of Moore's addition to the city of Sherman. The title and right to the possession of said lot is involved in this suit. The pertinent clauses of the will are as follows:

"Item Four: In my present homestead on the west side of South Travis street, in the city of Sherman, I have 300 feet fronting east on

said street,. running back 200 feet. That is to say, three lots of 100 by 200 feet each. These three lots I devise as follows: The south lot I give to my daughter, Anna Rainey. The lot north and adjoining said last-named lot I give to my daughter, Juliet F. Moore. The next and the last lot, being the one upon which my residence stands, I give to my granddaughter, Martha Laura Steedman. If, however, I should sell any or all of these lots, the one to whom said lot is here given shall have a valid claim against my estate for the amount I may have received therefor, no interest, however, being allowed"—

"Item Eight: The remainder of my property, real, personal and mixed, I give, devise and bequeath to my daughters, Anna Rainey, Juliet F. Moore, and to my granddaughter, Martha Laura Steedman, in equal portions, share and share alike, same being of course, charged with the payment of all my debts, including claims against my estate in behalf of any devisees during my lifetime.

"Witness my hand this November 14th, A. D. 1889.        [Signed] M. B. Moore.

"Item Ten: I appoint my friend, Jesse P. Loving, executor of this my will and direct him to make partition and distribution of the property herein mentioned, at as light expense as practical. I do not require him to give bond and do not wish any court to have anything to do with my estate other than probating this will and approving the inventory and appraisement of my property.

"As witness my hand this November 14th, A. D. 1889.        [Signed] M. B. Moore.

#### "[First] Codicil.

"As a codicil to the foregoing will, I desire to make the following additional provisions, to wit: While in no manner desiring to restrict or limit the right and powers of my granddaughter, Mattie Laura Steedman, to dispose of the property devised to her, provided she disposes of the same during her lifetime, I nevertheless will and direct that if she die without leaving heirs of her body, all property she may have received under and by virtue of my will shall immediately vest in my daughters, Anna Rainey and Juliet F. Moore, and my son, A. B. Moore, in equal portions, share and share alike, and should my daughter, Juliet F. Moore, not then be living, then the said Anna Rainey and A. B. Moore shall take the whole of said property, the children of the said Anna Rainey and A. B. Moore, to take the places of their respective parents in case of their death.

"Signed and executed on this February 18th, 1890.

#### "[Second Codicil.]

"As a codicil to my last will and testament, dated 14th day of November, 1889, I make the following changes and additions to said instrument: * * *

"Item Second: To the children of my son, A. B. Moore, he being dead, I give and devise lots 49 and 59 in the M. B. Moore addition to the city of Sherman, Tex., and I give and devise to said children all of my property located on the east side of South Travis street in the said city of Sherman, and which is immediately adjoining the Methodist Church, and which is located south of Jones street. Should I sell said lots Nos. 49 and 59, or either of them, then my executor is hereby directed to pay to R. R.

Dulin, as trustee for the use and benefit of said children a sum of money equal to the amount I may have received for said lot or lots, no interest however, to be paid on said sum of money.

"Item Third: The two lots mentioned in item four of my will dated the 14th day of November, 1889, which are situated south of the lot devised in said time to Martha Laura Steedman, said lots being a part of my homestead in Sherman, Tex., and fronting on South Travis street, are to be sold by my executor and one-half of the proceeds of such sale is to be paid to R. R. Dulin, as trustee for the children of the said A. B. Moore, and the other one-half to be paid to H. M. Tuck, as trustee for the children of my daughter, Anna Rainey. * * *

"Item Sixth: In event Martha Laura Steedman, my granddaughter, should die, leaving no heirs of her body, then I give, bequeath, and devise all of the property given, devised and bequeathed by my said will to her, to be equally divided between all of my children, that is, the property bequeathed and devised by my last will and testament to Martha Laura Steedman is, in the event of her death without heirs of her body, to be divided equally between my children. Those children who are dead, or who may die, are to be represented in such division by their children and the children of my dead children are to take such part as their parents would have been entitled to, had such deceased children not have died.

"Item Seventh: By way of changing item 8 of my last will, I give, devise and bequeath the remainder of my property, both real, personal and mixed, not otherwise disposed of by me in my said will and this codicil, to Martha Laura Steedman, Maude A. Sawyer, the daughter of my daughter, Mary V. Keys, and to the children of the said A. B. Moore, and the children of my daughter Anna Rainey, the said Maude A. Sawyer to have one-third part of the said remainder and after her part is deducted the balance of said remainder is to be equally divided between the said Martha Laura Steedman, the children of the said A. B. Moore, and the children of the said Anna Rainey. Each of these persons is to have an equal part.

"Item Eight: I hereby appoint H. M. Tuck, trustee to receive and control the property bequeathed and devised to the children of the said Anna Rainey by me.

"Item Nine: I hereby appoint R. R. Dulin, of Sherman, Tex., trustee to receive and control property bequeathed and devised to the children of A. B. Moore, and Martha Laura Steedman.

"Item Ten: I hereby direct and empower the said trustees to take possession and control of the property bequeathed and devised to their said beneficiaries during the lives of such beneficiaries. Said trustees are not authorized to dispose of any of the body of said property, but are expressly prohibited from so doing except for the purpose of reinvesting, which last they may do at their discretion. Said trustees are authorized, empowered and directed to expend the rents, interest and profits arising from said property in furnishing said beneficiaries with necessaries and such other things as may be suitable for their respective beneficiaries according to their station in life.

"Item Eleven: I hereby appoint my friend, Jesse P. Loving, executor of my last will and

testament and the provisions contained in item ten of my said will are to remain in full force and effect. * * *

"Item Fourteen: In the event the trustees herein appointed shall die before said children, then I desire the court of the proper county to appoint trustees for said property.

"In testimony whereof, I hereunto set my hand this 10th day of April, A. D. 1894.

"M. B. Moore."

This suit was instituted by some of the children and the orphaned grandchildren of the testatrix. Plaintiffs B. H. Moore, F. A. Moore, W. M. Moore, Mrs. Pearl Young, and Mrs. Ruby Jackson, and Mrs. Garnett Armstrong are the grandchildren of testatrix and the children of A. B. Moore, the son of testatrix, who died during the time intervening between the execution of the two codicils to the will. Plaintiffs Clarence Moore, Mrs. Zelma Schwartz, B. S. Moore, and E. V. Moore are the grandchildren of testatrix and the children of Ed Moore, son of textatrix, who died May 4, 1918. Plaintiff Mrs. Maude Sawyer is a feme sole and the only child of Mrs. Mary V. Keys, who predeceased her mother, the testatrix. Plaintiffs Mrs. Young, Mrs. Jackson, and Mrs. Schwartz were joined pro forma by their respective husbands. Mrs. Armstrong and Mrs. Maude Sawyer were feme soles.

This action is against W. C. Eubank and his wife, Mrs. E. Eubank, Silas Ely, and Mrs. Annie E. Rainey, a feme sole. Silas Ely is the surviving husband of Mattie Laura Steedman, a granddaughter of the testatrix, and who married Ely after the execution of the second codicil and died without issue, prior to the institution of this suit.

The Commercial National Bank of Sherman was guardian of the estate of Mrs. Annie Rainey, non compos mentis, and as such guardian adopted in behalf of its ward the pleadings of the plaintiffs, praying that its ward be allowed to recover her share of the property involved in the suit. No question is made upon the pleadings of either party. The action is one in trespass to try title, in which it is alleged that on the 10th day of April, 1924, W. C. Eubank and wife and Silas Ely unlawfully entered upon and dispossessed the plaintiffs, and the prayer is for title, possession, and judgment for the reasonable rental value, alleged to be $75 per month, from the last-named date. The defendants W. C. Eubank and wife and Silas Ely filed a joint amended answer, in which it is alleged, in substance, that Eubank and wife, on the 2d day of March, 1920, for valuable consideration, purchased the lot in question from Silas H. Ely and his wife, Mattie Laura Steedman Ely, together with all improvements placed thereon by the said defendant Ely, for the sum of $7,000; that the said Ely and his wife, Mattie Laura Steedman Ely, conveyed said property to them on that date by warranty deed, which was duly recorded, and that under said conveyance

they had held possession of said property, occupying it in good faith adversely to the claims of plaintiffs for more than ten years before the institution of this suit; that since they purchased the property, they have made permanent and valuable improvements in good faith thereon, aggregating $22,000, which improvements had enhanced the value of said lot, and that should plaintiffs recover they pray that they have judgment for the value of said improvements. Eubank and wife further pray that, in the event plaintiff should recover, then they recover over and against Silas H. Ely, their grantor, upon his warranty.

By supplemental petition, which is also adopted by the bank for their ward, plaintiffs allege that by items 6, 9, and 10 of the second codicil to the will the legal title to said property was vested in R. R. Dulin, as trustee for Mattie Laura Steedman, who afterwards married the defendant Silas H. Ely; that said trustee was empowered to sell and convey for the purpose of reinvestment only, and that Mattie Laura Steedman had no power to sell or convey the property; that the trustee, Dulin, afterwards died and Silas H. Ely was appointed substitute trustee as to all of the property by said will devised to the said Dulin, for. the use and benefit of Mrs. Mattie Laura Steedman Ely, by a decree of the district court of Grayson county, entered on March 6, 1908; that said decree orders that Silas Ely, as trustee, should take, hold, manage, and control the property devised by the will of Mrs. M. B. Moore, for the use and benefit of the said Mattie Steedman Ely, under the restrictions therein specified, and that he should have and exercise, as such substitute trustee, only the powers, rights, and authority theretofore vested in said Dulin, as trustee under said will; that the said Silas Ely and his wife were parties to said proceedings and bound by the decree of said court; that said decree vested the legal title to said property in Silas Ely, as trustee, and the beneficial interest therein was vested in his wife, by the will of her grandmother, Mrs. M. B. Moore, and that such interest was defeasible in the event of her death, without heirs of her body surviving her; that the said Mrs. Ely died about April 10, 1924, leaving no children, and thereupon the fee-simple title vested in the plaintiffs and Mrs. Annie E. Rainey, who are all children and grandchildren of Mrs. M. B. Moore, named and referred to in said will and codicils; that the defendant Silas Ely joined by his wife, Mattie Steedman Ely, on March 2, 1920, by warranty deed, conveyed said lot 15 to W. C. Eubank; that said deed was inoperative and did not convey the title because the legal title was not vested in the said Mrs. Ely, nor had she any power to dispose of the same; that if any title, legal or equitable, passed by said deed to W. C. Eubank, it was defeated by the

death of Mrs. Ely without heirs of her body surviving her; that the said Ely and wife destroyed the residence located on said premises, which was reasonably worth the sum of $1,500; that the total value of the improvements and the enhanced value of the premises by reason of said improvements placed thereon, by Eubank and wife, did not exceed the sum of $9,000; that said lot, exclusive of the improvements, is of the reasonable value of $5,500; and that if Eubank and wife are entitled to recover for improvements, said amount should be offset by the reasonable rental value of the property computed at $75 per month from April 10, 1924.

The case was tried before a special judge, without the intervention of a jury, and resulted in a decree in favor of the plaintiffs and Mrs Annie E. Rainey for the property in certain proportions, not necessary to be set out. The court further decreed that the value of the improvements made by Eubank was $10,000, and that the value of the premises was enhanced by such improvements to that extent; the value of the lot without the improvements at the time of the trial was $5,000; that the plaintiffs were not entitled to any deduction from the amount so added to the value of said property by said improvements; that Eubank and wife were entitled to recover their value in the sum of $10,000; and that they were entitled to recover against Ely on his warranty in the sum of $5,000.

From this judgment Eubank and wife have appealed. The case is submitted here upon four propositions, the first contention being that the second codicil to the will was not intended to and did not have the effect of revoking the right to sell which had been given Mattie Laura Steedman in the first codicil; and in this connection it is further contended that the second codicil, at most, only prevented her from making a sale which would deprive the trustees created by the second codicil of the custody and control of the property therein given. These two propositions will be considered together.

Most of the authorities cited in the briefs of counsel are cases in which the provisions of wills without codicils had been construed. In view of the fact that two different codicils were added to the orginal will by the testatrix, which materially affect the descent of the property involved in this suit, the provisions must be construed with reference to their effect. This will has been before the higher courts in two other cases— Loving v. Rainey (Tex. Civ. App.) 36 S. W. 335, and Dulin v. Moore (Tex. Civ. App.) 69 S. W. 94, and Id., 96 Tex. 135, 70 S. W. 742.

[1] In the case of Loving v. Rainey, supra, the effect of clause No. 6 of the original will was declared, and the property involved in this suit was not attempted to be specifically disposed of by that clause. While the clauses of the second codicil were referred to in that opinion, the holding of the Court of Civil Appeals is not res judicata of any issue presented in this case. Even if the decision had been rendered by the Supreme Court, it would not be res judicata with all the force which that term implies, and if followed it must be through respect for the doctrine of stare decisis only. Benavides v. Garcia (Tex. Com. App.) 290 S. W. 739. Again, in Dulin v. Moore, supra, Judge Neill in (Tex. Civ. App.) 69 S. W. 94, held that a fee-simple title to lots 49 and 59 had been vested in the children of A. B. Moore, and that the subsequent clause appointing Dulin as active trustee of such property was repugnant and void, but the Supreme Court in the same case (96 Tex. 135, 70 S. W. 742) reversed Judge Neill's holding and declared that the second codicil created a testamentary trust and vested the legal title in the trustee, Dulin, and that the devisees of the property under the clause creating the trust took merely as beneficiaries, and further held that such provisions did not create a perpetuity.

[2] The fourth clause of the orginal will, if construed alone, vests Martha Laura Steedman (Ely) with the fee-simple title. By the first codicil it is expressly provided that if she should die without having sold the property and without issue, the remainder should vest immediately in Annie Rainey, Juliet F. Moore, and A. B. Moore, or in the event of their death before the happening of the contingency, in their heirs per stirpes. The first codicil was added in February, 1890. In April, 1894, after the death of A. B. Moore, the second codicil was added, A. B. Moore having died in the interim. If item 6 of the second codicil is construed alone, it would probably vest in Martha Laura Steedman (Ely) a life estate, with remainder over to the surviving children and grandchildren of the testatrix, contingent upon the death of said Martha without heirs of her body. Construing said item 6, however, in connection with items 9 and 10, it is clear that she did not take a life estate, but as was said by Judge Gaines, a testamentary trust was created, of which Dulin was the trustee and Martha Laura Steedman Ely was simply a beneficiary during her life.

[3, 4] While, under the issues briefly discussed by the Supreme Court, the nature of the testamentary trust was not stated, we think a spendthrift trust was created. Spendthrift trusts are recognized as being valid and are enforced in Texas. Patten v. Herring, 9 Tex. Civ. App. 640, 29 S. W. 388.

Since it is declared by the Supreme Court that the effect of items 9 and 10 was to vest the legal title in Dulin, the trustee, and only a beneficial interest in Martha Laura Steedman Ely, it follows that she could not convey the fee-simple title to the appellant Eubank if, indeed she could convey any title whatever.

[5, 6] Where the legal title is vested in a

trustee under an active trust which requires the continuance of the legal title in him, in order to enable him to perform his duties, the cestui qui trust prior to a conveyance or distribution of the property has only an equitable interest in the testator's estate and no title to any specific part of the property. 2 Alexander on Wills, p. 1559. The reason for the rule is that a sale by her of her equitable interest would interfere with and tend to defeat the purpose and object of the trust. Gamble v. Dabney, 20 Tex. 69; Monday v. Vance, 92 Tex. 428, 49 S. W. 516; 1 Perry on Trusts, pp. 632–634, Mrs. Ely had only an equitable interest in lot 15, as beneficiary, which was defeasible in the event of her death without issue. St. Paul's Sanitarium v. Freeman, 102 Tex. 376, 117 S. W. 425, 132 Am. St. Rep. 886; Darragh v. Barmore (Tex. Com. App.) 242 S. W. 715; Adams v. Williams, 112 Tex. 469, 248 S. W. 674; Jones' Unknown Heirs v. Dorchester (Tex. Civ. App.) 224 S. W. 603. Mrs Ely having died without issue, in virtue of item 6 the contingency having happened, the remainder vested in the remaindermen therein designated who are shown to be the plaintiffs and Mrs. Rainey.

[7, 8] Whether a codicil will revoke the original will is a question which has been frequently adjudicated. and each case must be determined upon its own facts. The general rule is that, where inconsistency is found between the provisions of the will and one or more codicils executed at different times, the provisions last executed will prevail over those of the former, but only so far as they are inconsistent and irreconcilable with them. The latest will or codicil is presumed to express the completely matured testamentary intentions of the testator as regards the disposition of his property, and so far as it cannot be reconciled with the writings which precede it, they must give way. 1 Underhill on Wills, § 251; 28 R. C. L. pp. 199 and 200; 1 Schouler on Wills (6th Ed.) § 610; 40 Cyc. 1180; Cliett v. Cliett, 1 Posey, Unrep. Cas. 407.

The judgment is affirmed.