### EUBANK et ux. v. MOORE et al.
#### (No. 1091—4987.)

Commission of Appeals of Texas, Section A.
March 27, 1929.

Head, Dillard, Smith, Maxey & Head, of Sherman, for plaintiffs in error.

Freeman, McReynolds & Hay, of Sherman, for defendants in error.

## Statement of the Case.

NICKELS, J. November 14, 1889, Mrs. M. B. Moore executed a will. Items 4, 6, and 9 thereof read, respectively, as follows:

"In my present homestead on the west side of South Travis Street in the city of Sherman, I have 300 feet fronting east on said street running back 200 feet. That is to say, three lots of 100x200 feet each. These three lots I devise as follows: The south lot I give to my daughter, Anna Rainey; the lot north and adjoining said last named lot I give to my daughter, Juliet F. Moore; the next and the last lot, being the one upon which my residence stands, I give to my grand-daughter, Martha Laura Steedman. If, however, I should sell any or all of these lots; the one to whom said lot is here given shall have a valid claim against my estate for the amount I may have received therefor, no interest, however, being allowed."

"My daughter, Juliet F. Moore, is now and has been for sometime a sufferer from mental derangement, and I am at present the guardian of her estate, so long as her said disability shall continue it is my will that she have the revenues, profits, use and full enjoyment of my business lot fronting on the west side of South Travis Street in the city of Sherman. Said lot being X feet and being the one story brick business house. In case of her recovery and full removal of said disability it is my will that the title to said property, as well as the revenue thereof, shall immediately vest in the said Juliet F. Moore, Anna Rainey and Martha Laura Steedman as tenants in common in fee simple."

"Notwithstanding the fact that the language used in this will is comprehensive and broad enough to pass unto my daughter, Juliet F. Moore, the fee simple title to such of the property as I have left her, such is not and was not my intention. All property left her, except the property described in item 6, may be sold by her guardian under proper orders of the probate court just the same as if she had fee simple title, and any deed so executed will convey perfect titles, but if the said Juliet F. Moore should die while still laboring under the disability referred to, the property here devised and bequeathed unto the said Juliet F. Moore shall not pass to her heirs at law, but shall vest in Anna Rainey and Martha Laura Steedman, share and share alike.

"So soon as said disability shall cease and her reason be fully restored, the property devised and bequeathed to the said Juliet F. Moore (subject to limitations and conditions in item 6) shall be hers absolutely in fee simple."

February 18, 1890, she executed an instrument reading as follows:

"As a codicil to the foregoing will, I desire to make the following additional provisions, to-wit:

"While in no manner desiring to restrict or limit the right and powers of my granddaughter, Mattie Laura Steedman, to dispose of the property devised to her, provided she disposes of the same during her lifetime. I nevertheless will and direct that if she die without leaving heirs of her body, all property she may have received under and by virtue of my will shall immediately vest in my daughters, Anna Rainey and Juliet F. Moore, and my son, A. B. Moore, in equal portions, share and share alike. And should my daughter, Juliet F. Moore, not then be living, then the said Anna Rainey and A. B. Moore shall take the whole of said property. The children of the said Anna Rainey and A. B. Moore to take the places of their respective parents in case of their death."

April 10, 1894, she executed an instrument inclusive of the following terms:

"As a codicil to my last will and testament dated 14th day of November, 1889, I make the following changes and additions to said instrument."

"In event Martha Laura Steedman, my granddaughter, should die, leaving no heirs of her body, then I give, bequeath and devise all of the property given, devised and bequeathed by my said will to her, to be equally divided between all of my children, that is, the property bequeathed and devised by my last will and testament to Martha Laura Steedman, is, in the event of her death without heirs of her body, to be divided equally between my children. Those children who are dead, or who may die, are to be represented in such divisions by their children and the children of my dead children are to take such part as their parents would have been entitled to, had such deceased children not have died."

"By way of changing item 8 of my last will, I give, devise and bequeath the remainder of my property, both real, personal and mixed, not otherwise disposed of by me in my said will and this codicil, to Martha Laura Steedman, Maude A. Sawyer, the daughter of my daughter, Mary V. Keys, and to the children of the said A. B. Moore and the children of my daughter, Anna Rainey, the said

Maude A. Sawyer to have one-third of the said remainder and after her part is deducted the balance of said remainder is to be equally divided between the said Martha Laura Steedman, the children of the said A. B. Moore, and the children of the said Anna Rainey. Each one of these persons is to have an equal part."

"I hereby appoint H. M. Tuck trustee to receive and control the property bequeathed and devised to the children of the said Anna Rainey by me."

"I hereby appoint R. R. Dulin, of Sherman, Texas, trustee to receive and control property bequeathed and devised to the children of A. B. Moore, and Martha Laura Steedman."

"I hereby direct and empower the said trustees to take possession and control of the property bequeathed and devised to their said beneficiaries during the lives of such beneficiaries. Said trustees are not authorized to dispose of any of the body of said property, but are expressly prohibited from so doing except for the purpose of reinvesting, which last they may do at their discretion. Said trustees are authorized, empowered and directed to expend the rents, interest and profits arising from said property in furnishing said beneficiaries with necessaries and such other things as may be suitable for the respective beneficiaries according to their stations in life."

"In the event the trustees herein appointed shall die before said children, then I desire the court of the proper county to appoint trustees for said property."

She died July 3, 1894, and the instruments mentioned were probated.

Martha (or Mattie) Laura Steedman became the wife of Silas H. Ely. March 20, 1920, Ely and wife conveyed to Will C. Eubank, Jr., the lot referred to in item 4 of the "will" dated February 18, 1889, as being devised to Martha Laura Steedman. She died April 10, 1924, "without leaving heirs of her body"; Mrs. Rainey and other children and orphaned grandchildren of Mrs. M. B. Moore survived.

Children and orphaned grandchildren of Mrs. M. B. Moore sued Eubank and wife for recovery of the lot conveyed (or attempted to be conveyed) by Ely and wife. Judgment went against Eubank and wife and on appeal the judgment was affirmed (Tex. Civ. App.) 297 S. W. 791.

The question now presented is that of whether or not Mrs. Ely could pass the title evidenced by the conveyance to Eubank.

## Opinion.

1. The parties seem agreed upon these propositions: (a) Item 4 of the instrument dated November 14, 1889, if it had been left to operate according to its terms, would have vested title in fee simple in Martha Laura. (b) Item 4 with (and as affected only by) the instrument dated February 18, 1890, would have vested in Martha Laura power to convey, and thus to vest, fee-simple title; but unless she exercised the power, and if she died "without leaving heirs of her body," the property vested in Mrs. Rainey et al. We perceive no reason for doubting accuracy in that construction of those instruments.

2. Mrs. Rainey et al. claim that the instrument dated April 10, 1894, had the effect of revoking the instrument of February 18, 1890, in whole or (at least) to the extent of the power of disposition therein declared. They say, of course, that the "codicil" of April 10, 1890, so affected the original "will" as to deprive Martha Laura of fee-simple title and of power to convey at all or (at least) to convey an interest which would extend beyond her death ("without leaving heirs of her body").

Eubank and wife say that the three instruments, in right intendment, make up the will and competently authorized the disposition made by Martha Laura (with joinder of her husband).

In the "codicil" of February 18, 1890, there is plain declaration that Martha Laura might "dispose of the property during her lifetime" in immediate context with a declaration that the "property * * * shall vest" in others of kin "immediately" upon Martha Laura's death "without leaving heirs of her body." Cardinal rules operate so as to restate those declarations of intent: The property should vest in such others upon her death, provided, first, she had not given it disposition, and, second, there were no such "heirs." McMurry v. Stanley, 69 Tex. 227, 6 S. W. 412.

Item sixth of the codicil of April 10, 1894, states a devise of the property to such others if Martha Laura die "without leaving heirs of her body." This declaration, of itself alone, would preclude authority in Martha Laura to make disposition; but it would do so in language no stronger than that used in a comparable phrase in the codicil of February 18, 1890, and if that instrument be regarded as not revoked in toto the later declaration must be taken as made with the intent of having it qualified by the earlier declaration that Martha Laura would have power of disposition. McMurry v. Stanley, supra; Dulin v. Moore, 96 Tex. 135, 138, 70 S. W. 742.

In item second of the codicil of April 10, 1894, devises of named property to the children of A. B. Moore were made. In item seventh of that codicil residuary devise was made to those children, to Martha Laura Steedman, and to others. Considered of themselves, these items would pass fee-simple title. Dulin v. Moore (Tex. Civ. App.) 69 S. W. 94; Id., 96 Tex. 135, 70 S. W. 742. In terms of item ninth (codicil of April 10, 1894),

Dulin was "appointed trustee to receive and control the property devised to the children of A. B. Moore and (to) Martha Laura Steedman." Authority for possession and control ("during the lives of said beneficiaries") was given (in item tenth) to Dulin, with inhibition of disposition by him of "any of the body of said property" except for "the purpose of reinvesting" ("which last he might do at his discretion"). Dulin v. Moore, supra, arose and was determined on the effect which items ninth and tenth exerted on items second and seventh in respect to the title and rights of the children of A. B. Moore. In the Court of Civil Appeals items ninth and tenth were stricken as repugnant to the devises (in fee simple) of items second and seventh. In the Supreme Court it was held that the four items, taken as one, might stand, and, so taken, they so operated as to put legal title in Dulin.

The important difference between that case and the instant one is this: The will and the codicils do not include any specific provision for authority in the children of A. B. Moore (whose rights alone were involved in Dulin v. Moore) to sell, whereas, in behalf of Martha Laura, such provision is made (as noted above) in the codicil of February 18, 1890. And, in our opinion, principles of interpretation applied by the Supreme Court in Dulin v. Moore require the effect of possible harmony of that declaration of power in Martha Laura with the subsequently made declaration of power in Dulin, trustee.

The relevant provisions taken together, with allowance for that inter sese restriction which is indubitable, mean, we think, that Martha Laura and Dulin, each, had authority to sell; extinguishment of that authority in either (in respect to particular property) being a consequence of user by the other (such prior use by Martha Laura being made in the conveyance to Eubank). That may appear as delineation of an extraordinary situation, but testatrix's liberty included the right to be unique short of ordering the impossible or mocking the regimen of government. We are confronted with a plain declaration that Martha Laura should have authority of disposition juxtaposed with a declaration (equally plain in the interpretation given in Dulin v. Moore) of such (and other somewhat inconsistent) authority for Dulin. So long as testatrix's intention that the three instruments be her "last will and testament" be assumed, we lack warrant to ignore either declaration; but compulsion for requiring each of the provisions to make its appropriate contribution to the mass of discarded literalism inheres in the duty to give effect (so far as may be) to each word selected by her for expression of purpose.

It results that the codicil of February 18, 1890, was not revoked by force alone of apparent inconsistencies subsequently declared.

3. The instrument of April 10, 1894, has for its first expression these words: "As a codicil to my last will and testament dated 14th day of November, 1889, I make the following changes and additions to said instrument." There follow fourteen items. In item seventh appears this declaration: "By way of changing item 8 of my last will, I give * * * the remainder of my property * * * not otherwise disposed of by me in my said will and this codicil, to Martha Laura Steedman," etc. The instrument does not contain any specific reference to the codicil of February 18, 1890. The expression quoted from item seventh (as it is presented to us in the statement of facts) is worded differently from the wording thereof as it was presented in Loving v. Rainey (Tex. Civ. App.) 36 S. W. 335, and in Dulin v. Moore, supra. In Loving v. Rainey, the reference is to "my said will and its codicils"; in Dulin v. Moore the reference is to "my said will and its codicil."

Testatrix's particular reference to the instrument of November 14, 1889 (i. e., the original "will"), as being the instrument in which she desired to make "changes," with her omission of any reference to the codicil of February 18, 1890, appears to me to be persuasive evidence of her intent that the original "will," together with the codicil of April 10, 1894, should be her "last will and testament." Likewise, her description (in item seventh as it comes to us) of the residuum as being the property not "disposed of * * * in * * * said will and this codicil." And when I regard this proof and add to it the evidentiary force of existence of ambiguities which become obvious when the three instruments are taken as being the "will," I am convinced that Mrs. Moore, when she executed the codicil of April 10, 1894, believed that the codicil of February 18, 1890, then came to an end. If item seventh (as stated in this record) had the words attributed to it in Loving v. Rainey, or those attributed to it in Dulin v. Moore, a situation of different legal aspect would appear.

A majority of the Commission, however, differ with me in respect to this particular matter and hold to the view that the three instruments must be taken as the "last will and testament" of Mrs. Moore. In conference with the justices of the Supreme Court it appeared that their views and those of the majority of the Commission are alike.

4. It results that the deed executed by Mr. and Mrs. Ely (formerly, Martha Laura Steedman) passed title to Eubank, and hence that the judgment of the Court of Civil Appeals and the judgment of the district court must be reversed, and judgment must be rendered denying unto B. H. Moore, F. A. Moore, W. M. Moore, Mrs. Pearl Young (and husband, A. A. Young), Mrs. Ruby Jackson (and husband, W. C. Jackson), Mrs. Garnett

Armstrong (feme sole), Mrs. Maud Sawyer (feme sole), Clarence Moore, Mrs. Zelma Swartz (and husband, R. H. Swartz), B. S. Moore, E. V. Moore, Mrs. Annie Rainey (feme sole), and Commercial National Bank of Sherman, Tex. (guardian of said Mrs. Annie Rainey), defendants in error, any and all relief prayed by them or either of them in their pleadings in the cause in the district court, and such action we recommend.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals are both reversed, and judgment here rendered, as recommended by the Commission of Appeals.