John L. HILL, Attorney General of the State of Texas, Appellant,

v.

EL PASO NATIONAL BANK et al., Appellees.

No. 6363.

Court of Civil Appeals of Texas, El Paso.

May 22, 1974.

John L. Hill, Atty. Gen., Larry F. York, 1st Asst. Atty. Gen., Martha E. Smiley, Asst. Atty. Gen., Austin, for appellant.

Grambling, Mounce, Deffebach, Sims, Hardie & Galatzan, William T. Kirk, Jr., Donald F. Hagans II El Paso, for appellees.

## OPINION

OSBORN, Justice.

This case involves the construction of a testamentary trust, created by the Last Will and Testament of Horst Schreck, deceased. The Appellees, who are co-trustees of the Last Will and Testament of Horst Schreck, deceased, filed suit in District Court seeking a Declaratory Judgment as to the disposition of a part of the assets of the Estate. The Attorney General was made a party pursuant to Article 4412a, Vernon's Tex.Rev.Civ.Stat.Ann. The trial Court entered its judgment construing the provisions of the Will and the Attorney General has appealed. We affirm the judgment of the trial Court.

The residuary clause of the Will, Article V, leaves all of the rest and residue of the Estate to the named trustees, with income to be paid to the testator's wife during her lifetime, and then provides as follows:

"5.6 Upon the death of my wife, EMMA SCHRECK, I direct that all of

the trust estate be distributed in the following manner, to-wit:

\* \* \* \* \* \*

A. Thirty (30) per cent of the trust estate, not to exceed $60,000.00, if my wife shall qualify as an unlimited beneficiary under this Will and trust[1] . . . shall be held by the Co-Trustees, in trust, which trust fund shall be designated as 'The Robert Schreck Memorial Educational Fund'.

\* \* \* \* \* \*

B. Ten (10) per cent of the trust estate shall be distributed in fee simple and free of trust as follows. . . .

\* \* \* \* \* \*

C. The balance and remaining sixty (60) per cent of the trust estate shall be distributed as follows . . .

\* \* \* \* \* \*

(a) Twenty-five (25) per cent of the trust estate shall be paid and distributed as follows. . . ." (to designated relatives of Horst Schreck)

\* \* \* \* \* \*

"(c) If my wife, EMMA SCHRECK, shall have qualified as an unlimited beneficiary under the terms of this Will and trust, then the remaining thirty-five (35) per cent of the trust estate shall be paid and distributed as follows. . . ." (to designated relatives of Emma Schreck)

\* \* \* \* \* \*

"5.11 Any portion of the trust estate not disposed of under the foregoing provisions of this Article V of this my will shall be distributed by the Co-Trustees to the trust fund designated as 'THE ROBERT SCHRECK MEMORIAL EDUCATIONAL FUND' to be held and administered in accordance with the provisions and conditions governing such Fund."

The total assets of the testamentary trust, after the death of Mrs. Schreck, are approximately $515,892.00. Thirty percent of that amount is $154,767.00 and of that amount the excess over the $60,000.00 limitation, provided for in Paragraph A, is $94,767.00. The problem then arises whether that excess sum is distributed under Paragraph C of Section 5.6, which purports to dispose of the balance and remaining sixty percent of the trust estate; or whether such excess is distributed back to the Educational Fund under Section 5.-11. The Appellant contends that Paragraph C distributes only sixty percent of the trust estate and the excess over the limitation in Paragraph A is distributed back to the Educational Fund under Section 5.11. The Appellees contend that Section 5.11 applies only to distributions which lapse under Paragraph C and that the express limitation in Paragraph A prohibits the excess from passing back into the Educational Fund under Section 5.11.

The trial Court construed the language used to mean that the excess of the thirty percent of the trust estate over the $60,000.00 limitation in Paragraph A was part of the balance of the trust estate distributed under Paragraph C. of Section 5.6. Neither party contends that the Will is ambiguous, but they obviously disagree over the interpretation to be given to the language used by the testator.

In Republic National Bank of Dallas v. Fredericks, 155 Tex. 79, 283 S.W.2d 39 (1955), the parties and the Court agreed that the Will was not ambiguous and the Court said:

"\* \* \* This being true the meaning of the will must be determined by the language used 'within the four corners of the instrument.' The dominant purpose in the construction of a will is to ascertain the intention of the testator in the disposition of his estate. 44 Tex. Jur. 680, 681. A will should be so construed as to give effect to every part of it, if the language is reasonably susceptible of that construction. Dulin v.

1. Mrs. Emma Schreck did qualify as an unlimited beneficiary.

Moore, 96 Tex. 135, 70 S.W. 742; Kuehn v. Bremer, Tex.Civ.App., 132 S. W.2d .295, wr. ref.; Hunt v. Carroll, Tex.Civ.App., 157 S.W.2d 429, dismissed 140 Tex. 424, 168 S.W.2d 238."

Certain rules may be applied in the interpretation of the language used in order to carry out the intent of the testator, and to give effect to every part of the Will. These rules were outlined by the Court in Wattenburger v. Morris, 436 S.W.2d 234 (Tex.Civ.App.—Fort Worth 1968, writ ref'd n. r. e.), as follows:

"In will construction form should be subordinated to substance and if the testator's intention can be ascertained, from a reading of the whole will, such intention should be given effect, however informal the language. Where, from the context of the will and surrounding circumstances (application to the physical facts) the testator's intention is manifest, though somewhat obscured by an inaccurate mode of expression, the language will be subordinated to the intention. In order to carry out the intention of the testator, as expressed by the whole will, the court will, so far as possible, depart from the strict words, and read a word or phrase in a sense different from that which is ordinarily attributed thereto, and for such purpose may change the language of the will, such as by rejecting superfluous words or restricting them in their application. This rule, of course, only applies where it is necessary in order to effectuate the testator's intention, clearly apparent from the will. The whole scheme of the will should be kept in mind and the will construed from its four corners so as to give effect to the clearly expressed intention of the testator. McMullen v. Sims, 37 S.W.2d 141 (Tex.Com.App., 1931)."

It was the intention of the testator that the Educational Fund should receive a given percent of the Estate, but with a maximum limitation of $60,000.00. If he did not believe that there should be a general limitation on the size of this Fund, he would never have specified a limiting dollar amount, but only used a total percent of the Estate, as was done in Paragraph B. In Paragraph C, which was the last provision for dividing the testamentary estate, he referred to the undistributed portion as "The balance and the remaining sixty (60) per cent." If the total estate to pass under the residuary clause was not more than $200,000.00 then the remaining sixty percent would have been an accurate description. But when the residual estate exceeded that amount, "the balance" of the trust estate more nearly described the portion to pass under that clause. Thus, the twenty-five percent referred to in Section 5.6, Paragraph C(a), is actually 5/12ths of the balance of the trust estate; and the thirty-five percent referred to in Section 5.6, Paragraph C(c), is actually 7/12ths of the balance of the trust estate.

This interpretation does not nullify Section 5.11, and any gift or devise under Paragraph C which may lapse would pass to the Educational Fund because this was clearly the intention of the testator, and there is no limitation on the amount to pass under this Section. But that is not true as to the $94,767.00 which was the excess over the limitation set in Paragraph A of Section 5.6. To hold otherwise would in effect nullify the specific limitation in that paragraph and immediately increase the size of the Educational Fund more than one and one-half times the original limit specified by the testator. Such was not his intent as read from the four corners of the instrument. He placed no dollar limitation on the amount to be distributed under Paragraph C, but did refer to that portion of the Estate to be divided under that paragraph as "the balance." At the same time he placed a specific dollar limitation on the amount to be distributed to the Educational Fund under Paragraph A. We believe that the interpretation which the trial Court gave to the language

used in the Will carries out the intention of the testator in the disposition of his estate.

The Appellant's points of error are overruled, and the judgment of the trial Court is affirmed.