E. S. MATTHEWS ET AL. V. ALLEN DARNELL ET AL.

Decided November 30, 1901.

**1.—Will—Estate Devised to Executors in Trust—Legal Title.**

Where by the terms of a will the testator's estate was devised to his executors in trust, with full power to sell and dispose of it for certain purposes, the balance of it to remain in their possession for five years, with power to rent and make repairs, when it was to be divided among certain devisees, the executors took the full legal title, although it was in trust.

**2.—Same—Limitation—Adverse Possession.**

Limitations by reason of adverse possession of the land by defendants for the five years during which the title and consequent right of action was in the executors, could be pleaded as a defense in an action by a devisee for recovery of the land, and the coverture of the devisee did not entitle her to avoid such defense.

Error from Archer. Tried below before Hon. A. H. Carrigan.

*F. E. Dycus,* for plaintiffs in error.

*Montgomery & Hughes* and *J. H. Barwise,* for defendants in error.

STEPHENS, ASSOCIATE JUSTICE.—This suit was brought by plaintiffs in error to recover the east one-third of the Matthew Doyle survey of land in Archer County, the questions at issue being limitation and boundary.

Adverse possesion for five years, as prescribed in the statute on that subject, was a complete bar to the action, unless the coverture of Mrs. Eliza Matthews, one of the plaintiffs in error, entitled her to avoid the defense of limitation. This depended upon the construction to be given the will of W. M. Saunders, deceased, under which plaintiffs in error deraigned title; for if under the terms of that will the executors, as claimed by defendants in error, held the legal title in trust for Mrs. Matthews and others therein named, the defense was complete, since they so held it for five years pending the adverse possession without bringing suit to eject defendants in error. The important clauses of this will are quoted in the brief of plaintiffs in error, pages 3 to 6, and need not be copied here. It is enough to state that, aside from certain specific bequests and devises, not including the property in question, the testator expressly devised and bequeathed to his executors the entire estate in trust, giving them full power to control, sell, and dispose of the same for the purposes therein named, but directing and requiring that "the balance of the property, money, and effects," in the hands of the executors, after turning over the property specifically devised, and after the payment, besides debts and expenses, of all money bequests and all sums necessary to carry out the provisions of the will (to quote literally), "shall remain in the possession of said, and under the control of my executors, for the term of five years after my death, hereby giving and granting full power and authority to my executors to hold possession

of, manage, to rent, and pay taxes upon, and to pay all necessary repairs upon, and expenses incident to the balance of said property, money and effects, until the expiration of the said five years, and pay all expenses incident to the care, preservation, and management of same during such time." The next clause of the will contains, among other things, the following: "I give, devise, and bequeath the balance of my money, effects, and property, both real and personal, in the hands and possession of my executors at the expiration of said five years, as follows: I give and devise, and bequeath to my sister, Elizah J. Matthews, three-eighths (⅜) of said balance, and I give, devise, and bequeath to my brother, Thaddeus S. Saunders, three-eighths (⅜) of said balance, and I give, devise and bequeath to my brother, Edwin L. Saunders, two-eighths (2-8) of said balance, and unless the devisees mentioned in this clause of my will shall agree as to partition, and to what property each may be entitled to under this clause of my will, my executors shall apply to the county court for an order of partition thereof."

We are of opinion that the authorities cited by defendants in error sustain their construction of this will, and without undertaking to again discuss a question so often considered, and perhaps too much discussed already, by courts of the highest authority, we content ourselves with a bare reference to a few of the important cases, to wit: Collins v. McCarty, 68 Texas, 150; McArthur v. Scott, 113 U. S., 340; Chase v. Cartwright (Ark.), 14 S. W. Rep., 90; Ewing v. Shanahan (Mo.), 20 S. W. Rep., 1066, and cases there cited; Wilson v. Trust Co. (Ky.), 44 S. W. Rep., 121; McRoberts v. Corneal (Ky.), 44 S. W. Rep, 442.

One expression in the opinion of Judge Stayton in McMurray v. Stanley, 69 Texas, 232, is quoted by plaintiffs in error to sustain the contrary view, but it was merely the statement of a conclusion upon a hypothetical case, to illustrate the views of the writer of that opinion. Certain it is that what was decided in McMurray v. Stanley in no manner conflicts with the authorities relied on by defendants in error. The cases cited in the supplemental argument of counsel for plaintiffs in error are foreign to the issue, since this is not the case merely of an estate for five years in the executors with remainder in the devisees named, as seems to be contended in that argument. The executors took the whole estate in trust for others, and not any part of it for themselves, and the adverse possession of the land in controversy gave them the right of action as trustees. Hardware Co. v. Manufacturing Co., 88 Texas, 468; 27 S. W. Rep., 107, 108.

The will did more than give them a mere power of sale as also seems to be contended, for it clothed them with all the essentials of fee simple title, in trust though it was.

The conclusion we have thus reached on the issue of limitation renders unimportant that of boundary, and leads to an affirmance of the judgment.

*Affirmed.*

Writ of error refused.