McHATTON'S ESTATE et al. v. PEALE'S ESTATE.	(No. 1393.)*

(Court of Civil Appeals of Texas. El Paso. Jan. 11, 1923. Rehearing Denied Feb. 8, 1923.)

1. **Wills ☞608(3)—"Rule in Shelley's Case" stated.**

The "rule in Shelley's Case" is that, if an estate for life or any other particular estate of freehold be given to one with remainder to his heirs, the first taker shall be held to have the fee, and the heirs will take by descent and not by purchase.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Rule in Shelley's Case.]

2. **Wills ☞608(1)—Rule in Shelley's Case not applicable where will gives no immediate estate.**

The rule in Shelley's Case does not apply where the will vested no immediate estate in the persons whose heirs were to receive the remainder, but vested the immediate estate in the executors as trustees.

3. **Wills ☞608(1) — Rule in Shelley's Case yields to testator's intention.**

When the rule in Shelley's Case is applied to wills, it is not allowed to override the manifest and clearly expressed intention of the testator, but such intention will always be carried into effect if it can be ascertained from the provisions of the will.

4. **Wills ☞73—Invalid unless estate thereby vests in some one at testator's death.**

Upon the death of a testator, his property immediately vests in some one, either his heirs or devisees under the will, or in the trustee or executor, and a will which does not immediately vest title in the heirs is not valid unless by construction it vests title in a trustee for the interim between the death of the testator and the time designated for closing or distributing the estate.

5. **Wills ☞672(3) — Devise in trust implied where executors are given powers of trustees.**

Where a will expressly or by necessary implication creates certain trusts and imposes upon the executor duties which are usually performed by a trustee, the executor will take such interest or title as is requisite, though the will does not specifically designate him as trustee, nor expressly bequeath or devise the property to him in trust.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error in Appeal of Hunter refused March 28, 1923.

**6. Wills ⇐⇒681(2)—Property held devised to executors as trustees.**

Where a will designated two individuals as independent executors, directed that the estate be kept together for a reasonable time, but authorized the executors to sell, exchange, or otherwise alienate the property for the benefit of the estate, in such manner, at such time, and on such terms as they deemed best, the will impliedly vested the fee to the real estate in the executors as trustees though there was no express devise to them in trust.

**7. Wills ⇐⇒564(1)—Gift of entire income is not gift of corpus, if contrary intention is manifest.**

A provision of a will that the legatees are to have the entire income of the estate during the period between the testator's decease and the final delivery of the property, though evidence of an intention to vest the estate in them immediately, does not have that effect where the will clearly manifests a contrary intention.

**8. Wills ⇐⇒564(2) — Devisee of income held not to have interest which she could devise.**

Where testatrix directed her executors to reserve her estate intact and pay the income to a daughter and a son until such time as the executors should deem it advisable to close the estate and distribute the corpus, at which time it was to be divided equally between the daughter and the son, if both were living, but if either were then dead the share of that one to go to his heirs, a daughter who died after testatrix but before the division of the estate had no interest therein which she could devise, but her entire interest went to her brother; there being no children.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Suit by F. E. Hunter, independent executor of the will of Margaret E. Peale, deceased, against the executors of the estate of Martha A. McHatton, deceased, and others. Decree for plaintiff, and defendants appeal. Reversed and rendered.

Jos. U. Sweeney and W. M. Coldwell, both of El Paso, and Earle & McLaughlin, of Los Angeles, Cal., for appellants.

Goggin, Hunter & Brown, N. J. Morrisson, and R. B. Rawlins, all of El Paso, for appellee.

HARPER, C. J. Mrs. Martha A. McHatton died November 21, 1920, leaving property real and personal which she disposed of by the following will:

"I, Mrs. Martha A. McHatton, of the county of El Paso, state of Texas, being of sound mind and memory, and considering the uncertainty of life, do therefore make and declare this to be my last will and testament.

"First. I order and direct that my executors hereinafter named, shall pay all my just debts and funeral expenses as soon after my decease as conveniently may be.

"Second. As my estate in its present condition is bringing in good returns, it is my de-sire that my executors hereinafter named, shall keep said estate together for a reasonable time, looking after the same and investing and reinvesting the same so as to bring in the best possible returns, consulting and advising with my daughter, Margaret Peale, and my son W. B. McHatton, who I do not join as executors for the reason they are nonresidents of the state of Texas.

"Third. It is my desire and I so request, that my executors shall from time to time divide equally between my daughter Margaret Peale (whose present address is 607 Second avenue, Asbury Park, New Jersey), and my son W. B. McHatton (whose present address is 1730 Fifth avenue, Los Angeles, California), the income from my estate so that they may be properly provided for until the same is entirely closed, when my said daughter and son shall each receive one-half (½) of the remainder; and in the event of the death of either before the final distribution, that portion which would have gone to him or her should they be alive shall go to his or her legal heirs.

"Fourth. I desire that my gold watch and flat gold chain shall be given to my grand daughter, Martha McHatton, daughter of my son William B. McHatton as a special bequest to her.

"Fifth. I make, constitute and appoint U. S. Stewart and F. E. Hunter, both of El Paso, Texas, as joint executors of this my last will and testament, hereby revoking all former wills by me made, and as I repose special confidence in them and each of them, I desire that no bond or other security shall be required of them, and that no action of the probate court be had upon my estate, other than the probating of this will and the making of such appraisement as the law may require, but I desire that they shall in all things be independent executors, and in the event of the death or removal of either of them from El Paso county, Texas, I desire that the other shall continue to so act, but in the event of the death of said U. S. Stewart, prior to my death or in the event of his refusal to act, then I nominate and appoint J. F. Williams to act in his stead.

"Sixth. I realize that conditions are continually changing and while it is my wish at the present time that my property be kept intact, yet I realize that some changes may happen where it would be advisable to sell, exchange or otherwise dispose of some of the property. I give to said executors authority to sell or exchange or otherwise alienate said property for the benefit of my estate, in such manner, at such time and on such terms and conditions as in their judgment they may deem for the best interest of my estate.

"Seventh. I leave to the good judgment of my executors aforesaid, after consulting with my said son and daughter, as to the proper time to make a division of my property.

"In witness whereof, I hereunto set my hand and affix my seal the 11th day of October, 1918, in the year of our Lord, one thousand nine hundred and eighteen.

    "Mrs. Martha McHatton. [Seal.]"

"The said will was duly probated in the probate court of El Paso county, Texas, and the executors named therein both qualified and are now acting."

---

⇐⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

It was probated, and thereafter Margaret E. Peale died before final distribution of the property, leaving a will, F. E. Hunter, independent executor, and this suit was instituted by said Hunter as independent executor of the latter will against the executors of the McHatton will and William B. McHatton, Edsall, Marjorie, Martha, and Harold McHatton to obtain a construction of the third paragraph of the will copied above.

The lower court decreed that by the terms of Mrs. McHatton's will a fee-simple title to an undivided one-half of the lands immediately vested in Mrs. Peale upon the death of Mrs. McHatton, under the rule in Shelley's Case, from which an appeal has been perfected by W. B. McHatton.

Appellants' proposition is:

"The court erred in holding and adjudging that by the terms of the will (especially of the third paragraph thereof) of Mrs. Martha A. McHatton, immediately on the death of the said Martha A. McHatton, Mrs. Margaret E. Peale took in fee simple an equal undivided half, subject to administration, of the lands which were owned by the said Martha A. McHatton at the time of her death. Whereas, under said will no fee-simple title to said lands was devised to said Mrs. Peale, unless she should survive until the time that the estate of said testatrix should be entirely closed and finally distributed, and, the said Mrs. Peale having died prior to such closing and distribution, no fee-simple title to such half or such lands was taken by her or can be taken by her. Such error was caused by the court's erroneous application of the rule in Shelley's Case and by the error of the court in holding that the words 'legal heirs' in the third paragraph of said will were words of limitation and not of purchase, whereas said words were merely a description of the persons to whom said Mrs. McHatton devised in fee simple, that portion of her estate that would have otherwise been taken in fee simple by such child of the testatrix as might die before such closing and distribution and the court should have so decided and adjudged."

Appellee's counter propositions are: First, that the rule in Shelley's Case applies. That is, immediately upon the death of Mrs. McHatton, under the terms of the will, one half of her estate, the realty vested in fee simple in her daughter, Margaret E. Peale, and the other half in her son.

[1] The rule in Shelley's Case, tersely stated, is (Brown v. Bryant, 17 Tex. Civ. App. 454, 44 S. W. 399):

"That if an estate for life or any other particular estate of freehold, be given to one, with remainder to his heirs, the first taker shall be held to have the fee, and the heirs will take by descent and not by purchase."

[2] The first obstacle met with in trying to apply this rule to the provisions of this will is that no immediate estate was vested by its provisions in either legatee, and none would or could vest in them until the estate is entirely closed. The estate has not yet been closed according to the agreed facts, and further the named legatees must be alive at the time the estate is closed, and Mrs. Peale is dead. To illustrate, in all the cases cited by appellee, and all others for that matter, the will in its beginning contains words which alone would convey a present estate to the legatees, such as "I hereby bequeath, grant, give, etc., to * * *" property in each case specifically mentioned, and by after provisions called for a construction of the will to determine the intention of the testator.

In this case there are no such words as could be construed to mean that any title to any estate was thereby vested in any person except the named executors, as trustees, and none would vest in any other by any of its provisions until the time fixed, to wit, when the estate is entirely closed.

[3] Besides, when this rule is applied to wills, it is not allowed to override the manifest and clearly expressed intention of the testator, but the intention will always be carried into effect if it can be ascertained from the provisions of the will. Kesterson v. Bailey, 35 Tex. Civ. App. 235, 80 S. W. 97.

[4, 5] Upon the death of the testator, his property immediately vests in some one, either the heirs at law, devisees under the will, or in the trustee or executor, and since it does not immediately vest title in the heirs it is not a valid will unless by construction it vests title in a trustee for the interim between the death of the testator and the time designated therein for closing or distributing the estate. The rule in such cases is that—

"Where a will expressly or by necessary implication creates certain trusts, and imposes upon the executor duties which are usually performed by a trustee, he * * * will take such interest or title in the property as is requisite, although the will does not specifically designate him as trustee, nor expressly bequeath or devise the property to him in trust." Patten v. Herring, 9 Tex. Civ. App. 640, 29 S. W. 388; Lane et al. v. Miller & Vidor Lumber Co. (Tex. Civ. App.) 176 S. W. 100; Dulin v. Moore, 96 Tex. 135, 70 S. W. 742.

[6] The will under discussion designates U. S. Stewart and F. E. Hunter as independent executors, for the purpose of keeping same together, for a reasonable time. She further declares:

"I realize that conditions are continually changing, and while it is my wish at the present time that my property be kept intact, yet I realize that some changes may happen where it would be advisable to sell, exchange or otherwise dispose of some of the property. I give to my said executors authority to sell, exchange or otherwise alienate said property for the benefit of my estate, in such manner at such time on such terms and conditions as in their judgment may deem for the best interest of my estate."

These are the things usually performed by a trustee and are necessarily the basis for the holding that title to the property not otherwise disposed of by the will vested in fee in the named executors as trustees, but in trust for the son and daughter until such time as they might decide to distribute it. If this was not the purpose of the will, why did she make a will at all? They were the only direct heirs and at her death would have taken the property by inheritance.

There is another line of facts, heard by the court and agreed to by the parties, which evidence the intention of the testator. Margaret Peale and W. B. McHatton were the only surviving children. The son had children; the daughter, a widow, had none; so in the case of the death of the son whilst the property was held in trust before distribution, his share under the will was to go to his legal heirs, his children. But if she died before distribution of the trust estate her brother would be the legal heir and thus the property be kept in her, the testator's family. And it is not doing violence to the facts to presume therefrom that the mother knew that her daughter was in poor health, for she died within one month after her mother.

[7] This brings us to the other theory or proposition presented by appellee as a reason why this decree should be sustained; that is, that the provision in the will that the legatees are to have the entire income pending the period between the testator's decease and final delivery of the corpus of the property is evidence of the intention of the testator to vest the estate immediately, citing authority sustaining the proposition.

We have no fault to find with these holdings, and, if this provision in the will under construction were the only thing to indicate the intention of the testator, they would have application here; but this is not the only provision in this will which must be looked to in ascertaining the intention of Mrs. McHatton, and we must look to all of its provisions for the purpose. McMurry v. Stanley, 69 Tex. 227, 6 S. W. 412; Darragh, et al. v. Barmore (Tex. Com. App.) 242 S. W. 714.

In fact, its contents are so clear and positive that it needs no construction, but that it in fact clearly directs to whom her property shall go and when, that is, that Mrs. Peale being dead the whole of the estate will vest in appellant W. B. McHatton when by the named executors, as trustees, the estate is entirely closed, if he then be living; if not, then his heirs next.

[8] We have concluded that Mrs. Margaret E. Peale having died prior to distribution of the estate as provided in the will, she had no interest which she could devise to appellees.

Reversed and rendered.