## WHITE v. WHITE et al. (No. 2836.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 23, 1924. Rehearing Denied Jan. 31, 1924.)

1. Wills ☞439—Technical rules of construction not resorted to when language clear.

Technical rules for construing a will should not be resorted to when the language used sufficiently indicates testator's intention.

2. Wills ☞630(3)—Devise to testator's daughter held not to vest absolutely at testator's death.

Where testator devised property to his daughter subject to the limitation that the daughter should not in any event take the property before she became 25 years of age, and that she should not take it then if she had not married and her mother was alive, nor ever if she did not marry and died before her mother's death, held that, where those contingencies did not happen, title to the property did not vest absolutely in the daughter at the time of testator's death, as conclusively appeared from a further provision that the persons named as executors and trustees should own and control property for purposes specified until it was "deliverable to" daughter under the will, or to other designated persons on the happening of contingencies specified.

3. Guardian and ward ☞11—Testator may confer power on trustee to manage income for minor to exclusion of guardian; "estate."

Though testator could not, by his will, appoint a guardian of either the person or estate of his daughter while her mother was living, he could name a trustee to handle and control the income from property devised to the daughter, and make such control exclusive of any guardian that might be appointed for the daughter; the income not being an "estate" of the daughter authorizing the intervention of a guardian.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Estate.]

Appeal from District Court, Fannin County; Ben H. Denton, Judge.

Suit by Mrs. Nannie A. White against L. C. White and others, as executors and trustees of the will of P. H. White. Defendant G. W. Fuller having died pending trial, action was dismissed as to him. From a judgment denying relief and in defendants' favor for costs of suit, plaintiff appeals. Affirmed.

P. H. White and appellant, husband and wife, were divorced March 25, 1911. In the divorce proceedings the care and custody of their only child, a daughter named Mary Alice, then four or five years of age, was awarded to appellant. P. H. White died January 8, 1916. He left a will, made April 5, 1911, as follows:

"I, P. H. White, of Bonham, Fannin county, Texas, being of sound and disposing mind and memory, do make and publish this my last will and testament, hereby revoking all other wills heretofore by me made.

"1. I desire and direct that my body be buried in a decent and Christian-like manner; that a suitable monument be erected over my grave, and that all of my just debts be paid.

"2. I will, devise and bequeath all the property and estate of which I may die seized and possessed to my daughter, Mary Alice White, subject to the conditions and limitations expressed in this will.

"3. I will, devise and bequeath all of the property and estate of which I may die seized and possessed to my trustees hereinafter named, to be held, owned and controlled by them in trust for the maintenance and education of my said daughter, Mary Alice White, and for the further purpose of carrying out the provisions of this will; and the income from my said estate shall be applied by my said trustees to the education and maintenance of my said daughter, and her children, if any, until that

time, when under the terms of this will, the estate hereby bequeathed becomes vested absolutely in the beneficiary or beneficiaries herein named, according to the terms hereof.

"4. When my said daughter, Mary Alice White, arrives at the age of twenty-five years, then, if her mother, Nannie A. White, be not living, or, if said Mary Alice White, after she arrives at the age of twenty-five years, be, or become a married woman, or, if the said Nannie A. White shall die after said Mary Alice White becomes twenty-five years of age, then, the estate of which I shall die seized and possessed shall become the absolute property of and the title thereto shall vest in my said daughter, Mary Alice White, and the same shall be delivered to her by said trustees, but until she becomes entitled to the possession of my estate according to the provisions of this will, she shall have no power or authority to in any way dispose or incumber any part of my said estate, or the income of any part of same, nor shall any part of such estate, nor any part of the income thereof be liable for any of the debts or liabilities of herself or her husband.

"5. Should my said daughter die before the estate herein bequeathed to her is deliverable to her according to the terms hereof, and should leave surviving her a child or children born to her, then, in that event, I will, devise and bequeath to such child or children all of the estate of which I may die seized and possessed. If she should leave surviving her more than one child, then it is my will that all of such children shall share the estate herein bequeathed, equally.

"6. Should my said daughter, Mary Alice White, die before the estate herein bequeathed to her is deliverable to her according to the terms of this will, and should she die without leaving any child born to her surviving her, then it is my will, and I hereby devise and bequeath all of the property and estate of which I may die seized and possessed, to be shared equally among them, share and share alike, to Gordon White, Bertine White, Kennon White, Curtis White and Nina White.

"7. I appoint L. C. White, G. W. Fuller and Mark McMahon, all of Bonham, Texas, executors of this will, and direct that no bond be required of them as such executors. I also appoint said L. C. White, G. W. Fuller and Mark McMahon as my trustees and trustees of my estate, and it is to them that I refer when the words "my trustees" or "trustees" are used in this will.

"In case of death, inability or refusal to act upon the part of either of said L. C. White, G. W. Fuller or Mark McMahon, either before or after his acceptance of the trust as executor or trustee, then the other or others so qualifying and acting or continuing to act shall have all the power herein vested in all of them. And I appoint them, or such of them as qualify and act, guardian of the person and estate of my said daughter, during her minority, without bond.

"8. I direct that no other action shall be had in the county court in relation to the settlement of my estate than the probating and recording of this will and the return of an inventory, appraisement and list of claims of my estate.

"Witness my hand at Bonham, Texas, this the 5th day of April, A. D. 1911.

"[Signed]  P. H. White."

The will was duly probated April 4, 1916, and the parties named therein as executors and trustees, to wit, L. C. White, G. W. Fuller, and Mark McMahon, qualified as such April 7, 1916, and then took and afterward retained possession and control of the property (worth about $60,000) belonging to the testator.

This suit was by appellant as plaintiff. It was against said G. W. Fuller and appellees L. C. White and Mark McMahon, named executors and trustees of the will, as defendants. In her petition appellant alleged that she brought the suit as "guardian of the minor, Mary Alice White, asking for a construction of the said will, and that all of the property, both real and personal, belonging to the estate of P. H. White, deceased, be turned over to her as guardian of the estate of Mary A. White." G. W. Fuller, one of the defendants, having died while the suit was pending for trial, it was dismissed as to him. The appeal is from a judgment denying appellant relief she sought and in appellees' favor for the cost of the suit.

Thomas, Frank, Milam & Touchstone, of Dallas, for appellant.

Cunningham, McMahon, & Lipscomb, of Bonham, for appellees.

WILLSON, C. J. (after stating the facts as above). The contention here is that the effect of the will, properly construed, was (1) immediately on the death of the testator, to vest the legal title to property owned by him in his daughter Mary Alice, and (2) to entitle appellant when she qualified as the child's guardian to recover of appellees the income from the property which had accumulated in their hands during the time they had held it as executors and trustees.

[1] The contention is overruled because it plainly appeared from the language used in the will that the intention of the testator was to the contrary thereof. The doubt as to this intention, if any appeared, did not arise from language in the will, but from application thereto, as attempted by appellant, of technical rules for construing a will where the language used by a testator renders his intention uncertain. That such rules should not be resorted to when the language used by the testator sufficiently indicates his intention is clear. Dulin v. Moore, 96 Tex. 135, 70 S. W. 742; Darragh v. Barmore (Tex. Com. App.) 242 S. W. 714; McHatton's Estate v. Peale's Estate (Tex. Civ. App.) 248 S. W. 103.

[2] The devise to the testator's daughter was not absolute, but was "subject [quoting] to the conditions and limitations expressed in this will." Conditions and limitations so expressed were that the daughter should not in any event take the property before she became 25 years of age, and that she should not take it then if she had not married and

her mother (appellant) was alive, nor ever if she did not marry and died before her mother died. That it was the intention of the testator that the title to the property should not vest absolutely in his daughter at the time he died was further, and we think conclusively, shown by the provision in the will that the persons named therein as executors and trustees should "hold, and own and control" it for purposes specified until it was "deliverable [quoting] to her [the daughter] according to the terms" of the will, and by provisions that other persons designated in the will, instead of the daughter, should take the property on the happening of contingencies specified. Jones' Unknown Heirs v. Dorchester (Tex. Civ. App.) 224 S. W. 596; Laval v. Staffel, 64 Tex. 370.

[3] So the intention of the testator as to the income from the property plainly appeared from the language used in the will; and that he intended it should be expended for the maintenance and education of his daughter and her children, if she should have any, before the property was deliverable to her, or them, did not more clearly appear than that he intended the expenditure should be directed and controlled by the persons he named as executors and trustees. The testator could not, it may be conceded, the mother of his daughter being alive, by his will appoint a guardian of either the person or estate of the daughter, as he attempted to, but that he could not did not deprive him of a right to attach such lawful conditions and restrictions as he chose to the right he conferred on the daughter to have the income applied to her use. That the income should be expended by persons he named was not an unlawful condition. The income was not and never became part of an "estate" owned by the daughter which appellant, as her guardian, or the probate court, had control of. The only right the daughter, or appellant as her guardian, had in the matter was the right to have appellees to honestly and faithfully discharge duty they assumed when they accepted and qualified as trustees under and executors of the will.

The judgment is affirmed.