R. C. KULDELL, ADMINISTRATOR WITH THE WILL ANNEXED OF THE ESTATE OF HOWARD R. HUGHES, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 31831, 40357.  Promulgated March 7, 1932.

*A. Calder Mackay, Esq.*, for the petitioner.
*R. W. Wilson, Esq.*, for the respondent.

802

OPINION.

SMITH: Among the assets of the decedent's estate were 1,500 shares of stock of the Hughes Tool Company, which the facts show would ultimately be distributed to the residuary legatees, since the estate otherwise seems to have been sufficient for the payment of decedent's debts, expenses of administration, etc. One-half of the residuary estate was left to the decedent's son and the other half to decedent's father, mother, and brother in equal shares. On or about May 28, 1924, the father, mother, and brother sold their interests in the decedent's estate (with an exception not material here) to the Hughes Tool Company. Thereafter, the Hughes Tool Company declared dividends of $243,500 and $500,000 in 1924 and 1925, respectively. The stock owned by the decedent was one-half of the capital stock of the Hughes Tool Company and one-half of the amount of the respective dividends was credited to the petitioner as administrator upon the books of the Hughes Tool Company. The amounts credited represent dividends attributable to 750 shares of

stock, which the petitioner contends did not constitute income to the estate by reason of the above mentioned assignments to the Hughes Tool Company. The respondent has treated these amounts as income of the estate.

Subject to the payment of his debts, all of the decedent's estate vested immediately in the devisees or legatees, " but upon the issuance of letters testamentary or of administration upon " such estate, the executor or administrator had " the right to the possession of the estate as it existed at the death of the testator," and the petitioner, as administrator, had possession of and held the decedent's estate " in trust to be disposed of in accordance with the law." Article 3314, Vernon's Annotated Texas Statutes, vol. 9; *Matthews* v. *Darnell*, 27 Tex. Civ. App. 181; 65 S. W. 890; *Melton* v. *Beasley*, 56 Tex. Civ. App. 537; 121 S. W. 574; *Munger* v. *Munger* (Tex.), 298 S. W. 470. While heirs and legatees may sell and convey their interest in a decedent's estate (*Miers & Rose* v. *Trevino* (Tex.), 213 S. W. 715), the purchaser takes subject to valid claims against the estate (*Roberts* v. *Carlisle* (Tex.), 4 S. W. (2d) 144), and gets nothing more than the residuary legatees would have received after administration (*Runkle* v. *Smith*, 106 Atl. 474; 90 N. J. Eq. 478). In *Brewster* v. *Gage*, 280 U. S. 327, 334, the Supreme Court said:

Upon the death of the owner, title to his real estate passes to his heirs or devisees. A different rule applies to personal property. Title to it does not vest at once in heirs or legatees. *United States* v. *Jones*, 236 U. S. 106, 112, 35 S. Ct. 261, 59 L. Ed. 488, Ann. Cas. 1916A, 316. But immediately upon the death of the owner there vests in each of them the right to his distributive share of so much as shall remain after proper administration and the right to have it delivered upon entry of the decree of distribution. *Sanders* v. *Soutter*, 136 N. Y. 97, 32 N. E. 638; *Vail* v. *Vail*, 49 Conn. 52; *Cook* v. *McDowell*, 52 N. J. Eq. 351, 30 A. 24. Upon acceptance of the trust there vests in the administrators or executors, as of the date of the death, title to all personal property belonging to the estate; it is taken, not for themselves, but in the right of others for the proper administration of the estate and for distribution of the residue. The decree of distribution confers no new right; it merely identifies the property remaining, evidences right of possession in the heirs or legatees, and requires the administrators or executors to deliver it to them. The legal title so given relates back to the date of the death. *Foster* v. *Fifield*, 20 Pick. (Mass. 67, 70; *Wager* v. *Wager*, 89 N. Y. 161, 166; *Thompson* v. *Tho nas*, 30 Miss. 152, 158.

So far as the record discloses, there has been no distribution of the decedent's estate and the stock upon which dividends were declared and credited to the estate was in possession of the petitioner as administrator. Regardless of the solvency of the estate, the interest of the residuary legatees was subject to petitioner's possession for the purposes of administration, and their title thereto was not perfect until distribution. Cf. *Henry* v. *United States*, 251 U. S. 393. Prior to

that time, the residuary legatees did not have title to this stock and they could not maintain a stockholders' suit; *Whitaker* v. *Whitaker Iron Co.* (W. Va.), 238 Fed. 980; affd., 249 Fed. 531; certiorari denied, 248 U. S. 564. Cf. *Pierce Co.* v. *Fiske*, 237 Mass. 39; 129 N. E. 609.

The assignments, which the petitioner contends effectively transferred 750 shares of the stock of the Hughes Tool Company to that company, while conveying the interests of the assignors in the residuary estate, merely gave to the assignee the right to receive that which they would otherwise have received upon the distribution of the estate. In the meantime, the petitioner was accountable to neither assignors nor assignee for income (including the dividends in question) upon the corpus of the estate, even though all or a portion of such income eventually went into the residuary estate. See *In re Brooklyn Trust Co.*, 166 N. Y. S. 513; 179 App. Div. 262. They had no present interest in the income of the estate during the period of administration and such income was taxable to the petitioner. Since the income in question " would eventually go to taxable persons," the instant proceedings are distinguishable from *Lederer* v. *Stockton*, 260 U. S. 3, and *Bowers* v. *Slocum*, 20 Fed. (2d) 350, wherein it was held that the income there sought to be taxed would go to residuary legatees that were tax-exempt.

The crediting of the full amount of the dividends on the decedent's stock in the taxable years to the petitioner and the apparent solvency of the Hughes Tool Company, when considered in the light of the above authorities, leads us to the conclusion that petitioner could have demanded and received payment of the amounts in question at any time and that the dividends were " constructively received " in the taxable years under consideration. Cf. *Commissioner of Internal Revenue* v. *Bingham*, 35 Fed. (2d) 503; certiorari denied, 281 U. S. 729. While it is true that bookkeeping entries do not make income of that which is not in fact income, the converse is also true, and the debit entries upon the books of the Hughes Tool Company in a subsequent year did not change the income status of the amounts credited to the petitioner in the taxable years before us. The respondent's determination on this point is sustained.

Certain facts were stipulated regarding a second point in issue. The respondent on brief states that the " question relating to the disallowance by the Commissioner of a claimed deduction in 1924, aggregating $22,000 for fees paid by the petitioner to attorneys and accountants has been settled by a stipulation filed with the Board on December 28, 1931." The Board can not determine from the stipulation what the agreement between counsel is.

*Judgment will be entered under Rule 50.*