George ZAHN et al., Appellants,

v.

**NATIONAL BANK OF COMMERCE OF DALLAS, Appellee.**

No. 15504.

Court of Civil Appeals of Texas.

Dallas.

Oct. 2, 1959.

Rehearing Denied Oct. 30, 1959.

Biggers, Baker, Lloyd & Carver, Chandler Lloyd and Monty C. Barber, Herbert Marshall, Eldridge, Goggans, Davidson & Silverberg, Lamar Holley, H. Bascom Thomas, Jr., Dallas, for appellants.

Thompson, Knight, Wright & Simmons, William E. Collins and Harold F. Kleinman, Dallas, for appellee.

DIXON, Chief Justice.

The National Bank of Commerce of Dallas, Texas, independent executor,

brought this suit seeking construction of certain provisions in a will and asking for a declaratory judgment. There are three groups of appellants with adverse interests: the heirs at law of the testatrix, five cousins named as beneficiaries, and three minor relatives also named as beneficiaries.

## The Will.

Mrs. Genevieve Zahn Ware, a widow, died October 19, 1956 leaving a holographic will. Among other provisions in the will were the following:

"Third: I direct that the 652.2 acres of land located in Lipscomb County, Texas known as the 7K Ranch, deed covering same in my name, same recorded September 10th, A.D.1946 in Lipscomb, Lipscomb County, Texas Record of Deeds, Book 60 page 448, P. O. Boyd, County Clerk shall not be sold for two (2) years from the date of my death.

"If at the end of that time no oil or minerals have been found thereon, same is to be sold to the best advantage without oil and mineral rights—said oil and mineral rights to be put in trust with the National Bank of Commerce, Dallas County, Texas for the following named persons, who are my cousins, their heirs and assigns forever, * * *. Miss Viola Zahn, Coalinga, California, Mrs. Ruby Zahn White, Stockton, California, Ellsworth Zahn, Cucamonga, California, Harry Zahn, Stayton, Oregon.

"The proceeds from the sale of said land shall be equally divided between those who are alive at my death share and share alike as follows: George Zahn, Miss Viola Zahn, Mrs. Ruby White, Ellsworth Zahn, Harry Zahn * * *

"Any monies remaining when my estate is closed, I give, devise and bequeath to the following second cousins: Gilbert White, son of Mr & Mrs G.

Warren White, Ronald Zahn and Linda Zahn son and daughter of Mr & Mrs Ellsworth Zahn, Constance Hill, Daughter of Mr & Mrs Sherman Hill, share and share alike for their education and welfare—* * *."

On August 15, 1957 the executor Bank filed this suit. On May 16, 1958 the court rendered judgment which included certain findings, declarations and constructions pertaining to various provisions of the will. Only the above quoted provisions are the subjects of this appeal.

## Judgment of Trial Court.

With reference to the 652.2 acres of land the court made these holdings:

"(1) The Court finds, declares and construes that as of the date of the death of Genevieve Zahn Ware on October 19, 1956, the fee simple title to said tract and parcel of land, with the exception of oil, gas and other minerals in and under said tract, was and is vested in undivided interests of one-fifth each in Viola Zahn, Ruby Zahn White, Ellsworth Zahn, George Zahn and Harry Zahn, subject to the orderly administration and payment of the debts of the Estate of Genevieve Zahn Ware, deceased, and subject to divestment in the event that oil or other minerals are found thereon within two years from the date of the death of Genevieve Zahn Ware, in which event, fee simple title to said tract and parcel of land shall vest in the heirs at law of Genevieve Zahn Ware. * * *

"(2) If no oil, gas or other minerals are found in or under said tract of land within two years from date of the death of Genevieve Zahn Ware, said tract, with the exceptions of all oil, gas and other minerals in or under said tract, shall be sold by the Executor and the net proceeds of such sale paid in equal shares to Viola Zahn, Ruby Zahn White, Ellsworth Zahn, George Zahn and Harry Zahn. * * *

"(3) as of the date of this judgment no oil, gas or other minerals have been found in or under said tract and parcel of land. * * *

"(4) as of the date of the death of Genevieve Zahn Ware on October 19, 1956, the legal title in and to the oil and minerals in and under said tract of land was vested in the National Bank of Commerce of Dallas, as Trustee for the benefit of the heirs at law of Genevieve Zahn Ware. * * *

"(5) such trust is an invalid trust and is void. * * *

"(6) the heirs at law of Genevieve Zahn Ware are, in fact, fee simple owners, free and clear of trust, of all oil, gas and other minerals in and under said tract of land, subject only to an orderly administration and the payment of the debts of the Estate of Genevieve Zahn Ware. * * *".

With reference to the provision beginning "any monies remaining * * *" the court made thesse holdings:

"(1) The Court finds, declares and construes that the word 'monies', as used in such clause, is intended to cover and include and does cover and include the residue and remainder of (a) any cash on hand at the death of a decedent, (b) any cash received as proceeds of the sale of any bonds, stocks, leases, insurance or lots owned by decedent at her death, and (c) any personal property and choses in action, in the hands of the Executor and undistributed by the Executor on the date of the closing of the estate and after the payment of all debts of the estate and payment and distribution of all specific bequests and devises to specific legatees and devisees. * * *

"(2) the word 'monies', as used in such clause is not intended to cover and include, and does not cover and include, any real property or proceeds from the sale thereof. The Court specifically finds that such word does not cover and include any interest whatsoever in the real property described in the third clause of decedent's will or the proceeds from the sale of any interest therein."

We pause here to point out that at the time the trial court's judgment was rendered the two year period prescribed in the will had not transpired. The testatrix died October 19, 1956. The judgment was rendered May 16, 1958. Miss Maurine Jacobs, President and Trust Officer of the executor bank, testified that several substantial bids for mineral leases had been received since the death of the testatrix, but said bids were conditioned on the conclusion of this litigation and a final determination of the question of title.

### Appeal of Heirs at Law.

The heirs at law, several in number, have appealed from that portion of the judgment which awarded to the five cousins fee simple title to the 652.2 acres of land in Lipscomb County with the exception of all oil, gas and other minerals in and under said tract.

In support of their contention the heirs at law as appellants in this part of the appeal assert that the trial court erred (1) in failing to hold that the will did not make a valid disposition of the surface to the 652.2 acres and the same therefore descended by intestacy to the heirs at law of Genevieve Zahn Ware; and (2) in holding that as of the date of the death of the testatrix the five named cousins became the fee simple owners of all the 652.2 acres except the oil, gas and other minerals in and under said tract.

The five cousins in their role as appellees in this part of the appeal have replied with three counterpoints. Their position is that (1) the will effectively disposed of the land described therein vesting title to the surface and the mineral estate in the executor as trustee for the benefit of those to take

title to same at the end of the two year period; (2) the devise of the land in question does not violate the rule against perpetuities because title to such land does vest within the period of the rule; (3) the trust is a dry or passive trust entitling the beneficiaries to both legal and equitable title.

We agree with the heirs at law that the rule in this State is that whether property passes under a will or by descent and distribution, the title vests immediately upon the death of the owner; there is never a time when the title is not vested in somebody. Casey v. Kelley, Tex.Civ. App., 185 S.W.2d 492; White v. White, 142 Tex. 499, 179 S.W.2d 503. But we do not agree with their contention that under the terms of the will there is a hiatus of two years in this case during which time the title did not vest in any devisee, consequently testatrix should have been found to have died intestate as to this property so that the heirs at law take title to the surface rights.

We think that immediately upon the death of the testatrix legal title vested in the independent executor as trustee for the benefit of those to take title at the end of the two year period, whether they be the heirs at law or the five named cousins. The will expressly directs that the land "shall not be sold for two years." But "same is to be sold" at the end of that time if oil and minerals have not been found thereon. The mineral rights and the surface rights are then to be severed, the mineral rights are to be "put in trust" for the five cousins, and the proceeds of the sale of the surface rights shall be equally divided "among those of the five cousins who are *alive at my death.*" (emphasis supplied). We construe these provisions to be instructions and directions to the independent executor, and to mean that the testatrix intended to vest the executor as trustee with such title as was necessary to carry out her directions.

We quote from the opinion in Brooker v. Brooker, 130 Tex. 27, 106 S.W.2d 247, 253: * * * "It is true that such will, regarding the properties attempted to be left in trust, contains no express language vesting any character of title, legal or real, in any person or class of persons. *In spite of this*, by the use of the term 'trustees' and the necessary implication arising from the authority attempted to be conferred, and the duties attempted to be imposed, *we are compelled to the conclusion that the testator intended that the legal title to the trust estate should vest immediately upon his death in the trustees appointed to control and manage it.* Munger v. Munger, Tex.Civ.App., 298 S.W. 470 (writ refused). Also, from the will as a whole, and the aims sought to be accomplished, we are compelled to the conclusion that the will leaves the real title to the corpus of the trust estate in suspension until the time provided for its final partition and distribution; when it will pass and vest in the class of persons provided thereby. Unless this will regarding the trust estate can be given the above construction, it would have to fail utterly for want of provisions vesting any character of title, legal or real, in any person or class of persons." (emphasis ours).

We quote also from the opinion in McHatton's Estate v. Peale's Estate, Tex.Civ. App., 248 S.W. 103, 105: " * * * Upon the death of the testator his property immediately vests in some one, either the heirs at law, devisees under the will, *or in the trustee or executor*, and since it does not immediately vest title in the heirs it is not a valid will unless by construction it vests title in a trustee for the interim between the death of the testator and the time designated therein for closing or distributing the estate. The rule in such cases is that—

" *'Where a will expressly or by necessary implication creates certain trusts, and imposes upon the executor duties which are usually performed by a trustee, he*

*   *   *  *will take such interest or title in the property as is requisite, although the will does not specifically designate him as trustee, nor expressly bequeath or devise the property to him in trust.'* Patten v. Herring, 9 Tex.Civ.App. 640, 29 S.W. 388; Lane v. Miller & Vidor Lumber Co., Tex.Civ.App., 176 S.W. 100; Dulin v. Moore, 96 Tex. 135, 70 S.W. 742." (emphasis ours). See also Cruse v. Reinhard, Tex.Civ.App., 208 S.W.2d 598, 611; Munger v. Munger, Tex.Civ.App., 298 S.W. 470, 473; Appel v. Childress, 53 Tex.Civ. App. 607, 116 S.W. 129, 132; Matthews v. Darnell, 27 Tex.Civ.App. 181, 65 S.W. 890, 891.

■ The heirs at law further argue that this part of the will is fatally defective because of the failure of testatrix to name a devisee to take the property in the event oil and minerals should be discovered within two years from her death. We do not believe that such failure destroys the validity of the bequest to the named cousins which becomes operative upon the non-occurrence of the contingency. Testamentary trusts may be created for beneficiaries not definitely ascertained at the time of the creation of the trust. The following cases involve instances of contingent devises dependent upon the happening or not happening of future events; McGrede v. McGrede, Tex.Civ.App., 200 S.W.2d 638; White v. White, Tex.Civ.App., 257 S.W. 939; Walker v. Thornton, Tex.Civ.App., 124 S.W. 166. See also 96 C.J.S. Wills § 916, pp. 369–370.

Cases in which executors were directed to manage and hold together estates for designated periods under circumstances similar in some respects to the case at bar are: Vogt v. Meyer, Tex.Civ.App., 169 S.W.2d 745; Lozano v. Guerra, Tex. Civ.App., 140 S.W.2d 587; Caples v. Buell, Tex.Civ.App., 234 S.W. 429; Brown v. Canal Bank & Trust Co., 5 Cir., 141 F.2d 832.

■ The heirs at law also contend that the provisions of the will pertaining to the surface rights of the Lipscomb County land violate the rule against perpetuities. Art. 1, Sec. 26, Vernon's Texas Constitution, Vernon's Ann.St. We do not so construe the will.

■ A perpetuity has been defined as a "limitation which takes the subject-matter of the perpetuity out of commerce for a period greater than a life or lives in being and 21 years thereafter, plus the ordinary period of gestation." Neely v. Brogden, Tex.Com.App., 239 S.W. 192.

Later in this opinion we shall further discuss the rule against perpetuities. For the present we shall merely point out that under the terms of this will title to the surface rights of the land will not be kept out of commerce for a life or lives in being plus 21 years. If at the end of two years from the date of the testator's death oil and minerals should be discovered on the property, title would vest in the heirs at law since the testatrix failed to devise the land to anyone in the event of such discovery. But if oil and minerals should not be discovered within the two years, then the surface rights are to be sold and the proceeds divided among the named cousins "who are alive at my death." In either event if the directions of the will are obeyed the property will be taken out of commerce for only two years a period of time well within the time allowed under the rule against perpetuities.

The two points on appeal of the heirs at law as appellants are overruled.

### Appeal of Five Cousins.

The five cousins have appealed from that part of the judgment wherein the trial court declared that the oil and mineral rights were vested in the heirs at law of the testatrix.

In five points on appeal they contend that (1) the trust, if any, created by the will in

regard to the mineral rights is not a perpetual trust, or a trust of indefinite duration, but terminates with the death of the last survivor of the five named devisees; (2) the rule against perpetuities is not violated because there was an immediate vesting of both the legal and equitable title to the land on the death of the testatrix; (3) the devise to the five named cousins is a devise of the fee simple title to the land; (4) the trust which testatrix attempted to create is a dry or passive trust, is of no force and fails, and the five named cousins own the land free of trust; and (5) the minerals and surface have not been severed, and would follow the surface, and thus both minerals and surface are owned in fee simple by the five named cousins.

The heirs at law appear in this part of the appeal as appellees. In their brief they answer the appeal of the five cousins in two counterpoints in which they make three contentions. They assert that (1) the attempt of the testatrix to set up a trust for the mineral interests, if effective, severed the surface and mineral estates; however (2) the trust is not effective, but is void because it is vague, uncertain and indefinite; and (3) the provisions of the will pertaining to the Lipscomb County land did not convey said land, but are void because the attempted devise violates the rule against perpetuities; therefore the land vested in the heirs at the death of testatrix, she having died intestate as to such land.

We agree with the five cousins that the provisions of the will pertaining to a trust for the oil and mineral rights should not be construed as an attempt to set up a perpetual trust, or a trust of indefinite duration. The language of the will if properly interpreted means the trust should terminate with the death of the last survivor of the five named cousins.

In reaching this conclusion we have been guided by several rules of construction. If the language in question be considered ambiguous to the extent that it is capable of two constructions, one of which would uphold the validity of this portion of the will, while the other would render it invalid, we must adopt that construction which would enable us to declare the provisions valid. It will be presumed that the testatrix intended to comply with the law, not to violate it. 44 Tex.Jur. 702.

The heirs at law contend that the use of the word "forever" shows that it was the intention of the testatrix that the oil and minerals were to pass from one generation to another of the named cousins ad infinitum. We are unable to agree. The phrase "their heirs and assigns forever" is the usual phrase found in the habendum clause of deeds. The use of such language ordinarily shows an intention to convey an estate in fee simple. Texas Company v. Meador, Tex.Com.App., 250 S.W. 148. The use of the word "assigns" seems to us to negative the idea that the testatrix intended for the property to remain in the cousins' families from one generation to another ad infinitum without the power of alienation.

Our Supreme Court has construed language in a deed conveying property to a named trustee "and his successors as trustees for and on behalf of the beneficiaries herein named, *forever*". The Supreme Court held that the language used, when considered in the light of the deed as a whole, did not attempt to create a perpetual private trust. Kelly v. Womack, 153 Tex. 371, 268 S.W.2d 903. (emphasis supplied). For a complete text of the words in question it is necessary to see the opinion of the Court of Civil Appeals in 261 S.W.2d 599, 600.

The first point on appeal of the five cousins as appellants is sustained.

If the provisions of the will with reference to the oil and mineral properties violate the rule against perpetuities, the said provisions cannot stand but must be declared void. Brooker v. Brooker, 130

Tex. 27, 106 S.W.2d 247. In such event it would be necessary to hold that the testatrix died intestate as to the oil and minerals on the Lipscomb County land, and the property would go to her heirs at law.

■ But in our opinion the challenged provisions of the will do not violate the rule against perpetuities. Our Supreme Court has said that the rule against perpetuities relates only to the vesting of estates and interests, and not to their duration or ending; and it has no application to present interests legal or equitable, in realty or in personalty, whether or not alienable. Kelly v. Womack, 153 Tex. 371, 268 S.W.2d 903. In 70 C.J.S. Perpetuities § 3, p. 577 it is said "The rule against perpetuities, at common law, is that no interest within its scope is good unless it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest, to which is added the period of gestation if gestation exists."

In Henderson v. Moore, 144 Tex. 398, 190 S.W.2d 800, 801 our Supreme Court was dealing with a situation where a testator provided that his estate should be kept intact for 25 years and was then to be partitioned among the descendants of his brothers and sisters. "The bequest was to a class which was subject to open to let in new-born members, and to exclude those who might die during the twenty-five-year period. Until the expiration of the period of twenty-five years no one could know who would *then* be the descendants of his brothers and sisters. In the meantime no one could make the title to the property because it could not be known who would ultimately prove to be the beneficiaries." The will was held to be invalid because it sought to take the property out of commerce for 25 years. The converse is true in the case now before us. The testatrix here has sought to take the property out of commerce for only two years. Applying the holdings of the above cited and quoted authorities we conclude that the will in the instant case did not attempt to create a perpetuity. The second point on appeal of the five cousins is sustained.

■ The position of the five cousins in their third and fourth points on appeal seem to us to be well taken. If the trust which the testatrix attempted to create for the holding of the oil and mineral estate be considered effective, the effect, at the most, is that the legal title is vested in the trustee, and the equitable title in the five named cousins as of the date the trust came into existence. The testatrix provides that if at the end of two years' time from her death no oil or minerals have been found on the land the oil and mineral rights are to be put in trust "for the following named persons, who are my cousins, their heirs and assigns forever * * *." As we have already pointed out this includes the usual phrase found in the habendum clauses of deeds. Under the rule in Shelley's case it conveys a fee simple estate to the devisee. Sybert v. Sybert, 152 Tex. 106, 254 S.W.2d 999; Texas Company v. Meador, Tex.Com.App., 250 S.W. 148.

■ However, we are of the opinion that the trust which testatrix attempted to create is not effective, but is a dry or passive trust because no duty is required of the trustee for the oil and mineral rights except to hold title for the use and benefit of the five named cousins. Griggs v. Jefferson Bank & Trust Co., Tex.Civ.App., 57 S.W.2d 390. Under such circumstances the five named cousins will be entitled to the actual enjoyment and possession of the property, and to dispose of it, or to call on the trustee to execute such conveyance of the legal estate as may be directed if oil or minerals are not discovered within two years. Bankers Life Co. v. Alderdice, Tex.Civ.App., 92 S.W.2d 539; Moore v. City of Waco, 85 Tex. 206, 20 S.W. 61; 89 C.J.S. Trusts § 17, p. 730.

The third and fourth points of the five cousins are sustained.

■ Under the express terms of the will the 652.2 acres of land in Lipscomb

County are not to be sold for two years from the date of the death of the testatrix. This reference to the land includes both the surface and the mineral estates, for in the absence of a prior severance the mineral estate remains with the surface estate; the original fee carries both estates. Rio Bravo Oil Co. v. Staley Oil Co., 138 Tex. 198, 158 S.W.2d 293.

But under the express terms of the will the two estates are to be severed and the surface rights sold if oil and minerals have not been discovered within the two year period. The proceeds of the sale are to be divided among the five cousins. We have held that during this two year period the legal title to the land is in the executor Bank as trustee for the benefit of those to take title at the end of two years. Under these circumstances we cannot agree with the fifth point on appeal of the five named cousins. So far as the five cousins are concerned if oil or minerals are not discovered within two years the surface and the mineral estates are not to be considered as remaining together, unsevered, so that the title to one necessarily follows the other. They are to be considered as severed and the surface estate is to be sold separately, the proceeds to go to the five cousins.

The fifth point is overruled.

### Appeal of Three Minors.

The three minors named in the will in disposing of "any monies remaining when my estate is closed * * *" have appealed from the court's judgment interpreting that part of the will.

They brief two points on appeal in which they say that the court erred (1) in failing to hold that the paragraph in question is not a residual clause, and (2) in failing to hold that the mineral rights to the Lipscomb County land, including fee simple title thereto, should go to them under the terms of said residual clause. The view of these appellants is that since the

court held that the attempted devise of the oil and mineral rights to the five cousins was void and had lapsed, the said oil and mineral rights should not go to the heirs as the court decreed, but should go only to these three appellants under the terms of the alleged residual clause.

We cannot agree with appellants. We have held that the devise of the mineral estate to the five named cousins is not void and has not lapsed, so the properties would not pass to appellants even if we were to hold that the paragraph in question is a general residual clause.

However we do not interpret the language in question to constitute a general residual clause. It is true that the word "money" under some circumstances has been held to include all kinds of property, real and personal. Flower v. Dort, Tex. Civ.App., 260 S.W.2d 685. But those circumstances are not present here. In another part of the will the testatrix directed that "any bonds, stocks, *leases,* insurance or *lots,* which I may be possessed of at my death be converted into cash." (emphasis ours). When we consider the will as a whole along with the above quoted provision, we believe the trial court correctly interpreted the word "monies" not to include real estate which might remain in the estate when it is to be closed.

It will be observed that the court's judgment in one paragraph declares that the word "monies" includes any cash received from various properties including lots or leases owned by the testatrix at her death. In another paragraph the judgment declares that the word "monies" does not include any real property or "proceeds from the sale thereof."

We think that this conflict in the court's judgment should be resolved in favor of the first of the above declarations. As the words are used in this will, lots are real property, and leases may also be real property. The testatrix had provided in her will that lots and leases owned by her

at her death should be converted into cash. Consequently "monies" should be interpreted to include the proceeds of the sales of lots and leases.

The two points on appeal of the three minors are overruled.

### Conclusions.

We have concluded that upon the death of the testatrix the legal title to the 652.2 acres of land in Lipscomb County vested in the independent executor, The National Bank of Commerce of Dallas, Texas, as trustee, for the benefit of those to take title to same at the end of two years from the date of the death of the testatrix.

If at the end of the two year period no oil or minerals have been discovered in or under the said land, the surface estate is to be sold and the proceeds of the sale are to be equally divided among the named cousins who were alive at the time of the death of the testatrix.

If at the end of the two year period no oil or minerals have been discovered in or under the said land, the mineral estate shall go to the five named cousins in fee simple.

If within the two year period oil or minerals have been discovered in or under the land, the heirs at law shall take both the surface and mineral estates in fee simple.

"Monies" as used in the provisions relating to the three minors is interpreted to include the proceeds from the sales of lots and leases of which the testatrix was possessed at her death.

Insofar as the judgment of the trial court differs from the above conclusions and declarations the judgment of the trial court is reversed and judgment is here rendered as above set out. In all other respects the judgment of the trial court is affirmed.

Reversed and rendered in part and affirmed in part.