# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 13, 2025

Lyle W. Cayce
Clerk

———————

No. 25-40099

———————

Scott Brown,

*Plaintiff—Appellant*,

*versus*

Calvin Cecil Carrington; John Carrington; Lazara Carrington; Michael Moore; Jeffrey L. Miller; Overture, L.L.C.; Velma Carrington,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:23-CV-300

———————————————————

Before Barksdale, Willett, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Scott Brown appeals the dismissal of his trespass-to-try-title action against Michael Moore, Jeffrey Miller, Nationstar Mortgage, and Texas Bay Credit Union (collectively, "Defendants"). We AFFIRM.[1]

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] We deny as moot Defendants' unopposed motion to amend the complaint because we have appellate jurisdiction in this case. Brown's voluntary dismissal of a

No. 25-40099

I

According to the allegations in Brown's complaint, an 1871 Texas land patent granted to Zachariah Godfrey and his "heirs and assigns forever" a 160-acre tract of land. A century-and-a-half later, Brown discovered he was Godfrey's seventh-generation descendant. By force of the original patent, Brown claims the land now belongs to him. Acting on this belief, Brown executed a quitclaim deed that, paradoxically, conveys the property from "Scott Brown" to "Scott Brown."

Acting *pro se*, Brown brought a trespass-to-try-title action in federal district court against Defendants, who he claims have "unlawfully entered and dispossessed" him of the land. He attached to his complaint a copy of the Texas patent and genealogical evidence purporting to show he is descended from Godfrey.

The district court dismissed Brown's claim under Federal Rule of Civil Procedure 12(b)(6). Contrary to Brown's argument, the court ruled that the phrase "heirs and assigns forever" in the 1871 patent meant only to convey fee simple title to Godfrey, not to transfer the land to his descendants. Moreover, the court held that interpreting this language as a grant to Godfrey's heirs would violate Texas's rule against perpetuities. *See* TEX. CONST. art. 1, § 26. Finally, the court held that Brown's complaint failed to allege that neither Godfrey nor his heirs had conveyed the property to anyone else since 1871.

─────────────────────────

dispensable party, Nationstar, cured any jurisdictional defect resulting from the inclusion of a non-diverse party. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 76–77 (1996). As to the remaining parties, a liberal construction of Brown's *pro se* complaint shows that he sufficiently established diversity jurisdiction: He alleged that the parties were citizens of different states and included specific residency allegations. *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954) (treating residency as *prima facie* domicile).

No. 25-40099

Brown appeals *pro se*.

## II

We review Rule 12(b)(6) dismissals *de novo*. *Hodge v. Engleman*, 90 F.4th 840, 843 (5th Cir. 2024). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing 12(b)(6) motions, we "accept all well-pled facts as true, construing all reasonable inferences in the complaint in the light most favorable to the plaintiff," but "conclusory allegations, unwarranted factual inferences, or legal conclusions are not accepted as true." *Allen v. Hays*, 65 F.4th 736, 743 (5th Cir. 2023) (cleaned up).

In this diversity case, we "apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996).

## III

Brown contests the dismissal on several grounds. His basic argument is that he holds title "as a direct legal recipient of the original grant." Accordingly, he argues the 1871 patent is sufficient under Texas law to maintain his suit. *See* Tex. Prop. Code § 22.002 ("A headright certificate, land scrip, bounty warrant, or other evidence of legal right to located and surveyed land is sufficient title to maintain a trespass to try title action."). He adds that whether Godfrey or his heirs conveyed the land since 1871 is a factual matter for trial, not a pleading requirement. And, as to the rule against perpetuities, Brown argues that the rule does not apply to "sovereign land grants," and that, in any event, Texas has "extended" the rule's vesting period to 300 years. These arguments all fail.

No. 25-40099

The basic problem is Brown's mistaken notion that the original patent's reference to "heirs and assigns" somehow conveyed title to him as Godfrey's descendant. It did not. As the district court explained, "heirs and assigns" are "words of limitation" describing the quality of an interest in land, not "words of purchase" indicating who will receive the interest. *See Corine, Inc. v. Harris*, 252 S.W.3d 657, 662 (Tex. App.—Texarkana 2008, no pet.) ("'Heirs and assigns' as used in a conveyance are 'words of limitation'—for example, indicating that the interest in land is inheritable and alienable—not 'words of purchase'—indicating the persons who are to receive the interest."). The phrase signifies only that a deed conveys a fee simple interest as opposed to a life estate. *See Zahn v. Nat'l Bank of Com. of Dall.*, 328 S.W.2d 783, 790 (Tex. App.—Dallas 1959, writ ref'd n.r.e.) ("The use of such language ordinarily shows an intention to convey an estate in fee simple.").

Brown suggests this longstanding principle does not apply to land patents. He cites no case to support that assertion, however. None of the three cases Brown mentions—*Fletcher v. Peck*, 10 U.S. (6 Cranch) 87 (1810), *Hoofnagle v. Anderson*, 20 U.S. (7 Wheat.) 212 (1822), and *French's Lessee v. Spencer*, 62 U.S. (21 How.) 228 (1859)—teaches that land patents transfer land directly to a patentee's descendants, skipping the conveyance or inheritance process.[2] Those cases would help Brown only if he proved that he is Godfrey's descendant *and* that he actually inherited the land. Brown's complaint alleges no such thing. Nor does he point to any evidence

---

[2] Moreover, none of those cases is on point. *Fletcher* held unconstitutional Georgia's retroactive rescission of a land grant. 10 U.S. at 137. *Hoofnagle* held that a land patent issued based on a mistakenly assigned warrant could not be retroactively invalidated. 20 U.S. at 213, 218. *French's Lessee* held that when the recipient of a land patent conveys that land to someone else before receiving title to it, the land does not remain with the grantee's heirs. 62 U.S. at 236.

4

suggesting, for example, that all of Godfrey's heirs either conveyed the land to their children or died intestate. *Cf. Radcliffe v. Tidal Petroleum, Inc.*, 521 S.W.3d 375, 380–82, 388 (Tex. App.—San Antonio 2017, pet. denied) (reversing summary judgment given heir's proof that each previous heir conveyed the property to children or died intestate).

Brown is also wrong about the rule against perpetuities. He cites no authority suggesting the rule does not apply to sovereign patents.[3] And, as Defendants point out, Texas's 2021 amendment extending the rule's vesting period to 300 years in some cases applies only to interests in a trust, not to land patents. *See* TEX. PROP. CODE § 112.036(c) (providing that "[a]n interest in a trust must vest, if at all," *inter alia*, "300 years after the effective date").

Finally, Brown latches onto a statement by Defendants' expert witness that Brown "might hypothetically" have some "fractional" interest in the land via intestate succession. This argument also fails. We do not consider evidence obtained during discovery when assessing a Rule 12(b)(6) dismissal. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). We consider only "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Id.* As the district court correctly ruled, nothing in Brown's complaint or in any relevant document plausibly suggests Brown has any actual ownership in the land, whether by conveyance or inheritance. One hypothetical statement from Defendants' expert witness is irrelevant to the Rule 12(b)(6) analysis.

---

[3] The case Brown cites for this proposition—"*Reagan v. Brown*, 247 S.W.2d 791, 793 (Tex. 1952)"—appears fictitious. The citation leads to an irrelevant Missouri Supreme Court case, and no pertinent decision called "*Reagan v. Brown*" appears to exist in the federal or state reporters.

No. 25-40099

IV

The district court's judgment is AFFIRMED.