*145 OPINION.
Artjndell :
Concerning the first issue, the petitioner does not claim that the deficiency is barred by the statute of limitations, but contends that inasmuch as the deficiency notice was mailed after the estate had been fully administered and the assets distributed in accordance with a decree of the court having jurisdiction over the estate, the respondent is precluded from making an assessment of the taxes alleged to be due. A complete answer to this question is found in Elna S. Evans, 12 B. T. A. 334, wherein we held that notwithstanding the fact that an estate has been fully administered and the administrator discharged, the Government has a right to collect the tax due from the estate within the statutory period provided by Congress. See also Joseph Simon, 9 B. T. A. 84.
It is claimed that the respondent erred in “treating the entire income of the estate of Jacob Kaufmann, deceased, as taxable to the estate of Augusta Kaufmann, deceased.” This is denied by the respondent.
In his audit of the returns the respondent found that the assets of the two estates were so intermingled that it was impossible to separate the income derived from each one, with the result that he taxed all of the income to the petitioner. The petitioner seeks to avoid the result of this action by showing that the property which produced the income in controversy was not owned by either estate, but was held by the five sons through a gift of their mother, the decedent, completed after the meeting of the family referred to in our findings of fact.
It seems clear from the evidence that the decedent desired to make some division of her husband’s estate, as well as of her separate property, among her sons, but the record does not disclose to what extent her wishes in that respect were carried out.
*146 The proof shows that all of the funds of the Jacob Kaufmann estate, together with the unexpended portion of the insurance collected by the decedent as the beneficiary of policies on the life of her husband, were, with the exception of a small amount retained by the decedent for her personal use, deposited to the credit of a bank account in the name of the Jacob Kaufmann estate. Raymond M. Kaufmann, one of the five sons, managed this fund, and other personal property and choses in action, title to which was held by the estate. He rendered a statement to his brothers every six months of what had been done with, and earned by, the property. The assets under the management of Raymond M. Kaufmann also included certain property belonging to the sons, but in keeping the books no attempt was made to separate the assets of the Jacob Kaufmann estate from the property owned by the sons. Nor was testimony offered to show the actual transfer of specific assets of the estate of Jacob Kaufmann by either the executors of the estate or the decedent to any of the sons, or to identify the assets producing the income in question. We are, therefore, without facts showing whether the assets producing the income were owned by the decedent, the Jacob Kaufmann estate or the sons, leaving us in very much the same situation the respondent found himself in at the time of his audit of the returns.
The evidence before us is insufficient to overcome the presumption existing in favor of the respondent’s determination and we must, ■therefore, approve his action.
The decedent did not hold title to the Penn Avenue and St. Clair Street, and Superior Place properties and is not entitled under the taxing acts to depreciation thereon, Military Equipment Co., 2 B. T. A. 36, and Frank Holton & Co., 10 B. T. A. 1317, and as the beneficiary of the estate of Jacob Kaufmann she is not entitled to a deduction for depreciation on the John Street property held in name of the executors of the estate, Marguerite T. Whitcomb, 4 B. T. A. 80; affd. 25 Fed. (2d) 528; and Codman v. Miles, 28 Fed. (2d) 823.
The Fourth Avenue property was acquired by the decedent on November 17,1908, at a cost of $95,000. Of the total purchase price, ■the petitioner’s witness testified that the cost of the building was '$25,000, the value used in the decedent’s returns for exhaustion purposes. No evidence was offered to prove the March 1, 1913, value of the building. Lacking the March 1, 1913, value of the building, we have no alternative but to sustain the respondent’s action as to this piece of property.

Judgment will be entered for the respondent.