*1078 OPINION.
Seawell:
The main controversy is the quantum of interest the. petitioner had in the award paid to him by the city of Yonkers in the condemnation of the real estate mentioned. He says it was only one half, by reason of the fact that he had conveyed away one half to his daughters and their husbands by the deeds put in evidence. With this contention we do not agree for several reasons. In the first place there is no evidence that the alleged deeds were ever delivered to any of the respective grantees. This was, of course, necessary. Ten Eyck v. Whitbeck, 156 N.Y. 341. Petitioner, witness for himself, never testified that he delivered any of the deeds, and none of the alleged grantees or others were witnesses. There is no presumption that the deeds were delivered. None of them was registered or filed with the public registry. But there is a more substantial ground for denying the contention of petitioner. Almost a year before any of these alleged deeds were executed, on November 24, 1926, the city of Yonkers commenced condemnation proceedings against this real estate in the hands of the petitioner and filed lis pendens, and the land was condemned for public use.
It is provided in the New York statutes that from the time of filing of the notice of the pendency of the action {lis pendens) it “ shall be constructive notice to a purchaser or incumbrancer of the property affected thereby * * * and a person whose conveyance or incumbrance is subsequently executed or subsequently recorded, is bound by all the proceedings taken in the proceeding after the filing o.f the notice, to the same extent as if he was a party thereto ” — McKinney’s Consolidated Laws of New York, Annotated, Book 9, A, sec. 13. From the time of the judgment of condemnation, November 24, 1926, petitioner’s claim to any interest in the real estate was limited to the collection of the award thereafter to be made; and when that award was paid, it had reference back to the filing of the Us pendens and annulled all intermediate conveyances or encumbrances. Apparently, petitioner understood the situ *1079 ation, or his adviser did, for none of the instruments relied on were filed for registration; and none of the parties intervened in the condemnation suit to claim any interest in the fund. At most, petitioner’s alleged conveyances were nothing more, under the circumstances, than promises to give to the parties certain interests in the proceeds of the award in the condemnation proceeding when he thereafter received the money. In that situation the money received was first income to him, though his promises were carried out and payments were made out of the award to his daughters and their husbands. J. D. Varnell, 28 B.T.A. 231; T. J. Primm, 28 B.T.A. 13.
If the deeds in question were valid and effective for the purpose contended for by petitioner, his claim that only one half of the $72,052.94 is taxable to him could not be sustained. The deeds are made expressly subject to encumbrances, and the grantees were not promised each 12% percent of one half of $72,052.94, the net profit on the deal to petitioner, but such percentage only after petitioner’s debts which were liens on the property had been canceled. These liens on the property amounted to $80,216.90, according to petitioner’s Exhibit 8, showing final accounting with the alleged grantees. Cancellation of his obligations, under the circumstances, could not be ignored in determining gain to petitioner on the transaction in question. We feel we must sustain the respondent on this issue, which we do.
Petitioner, in his pleading, maintained that the $11,891.24 interest on the award paid him by the city of Yonkers is not subject to income tax, because it was interest on an obligation of a political subdivision of a state. He frankly says, however, in the brief that this issue has been decided by the Board against his view in Mary Lincoln Isham, 26 B.T.A. 1040, and he merely wishes to preserve his rights pending the determination of the issue in the Circuit Court of Appeals. We sustain the respondent on this issue. D.S. Trust Co. v. Anderson, 65 Fed. (2d) 575; certiorari denied, 290 U.S. 683; John J. Bliss, 21 B.T.A. 803.
As shown in our findings of fact, at the time the award was paid to petitioner there was interest amounting to $3,452.16 accrued on the liens on the real estate condemned which petitioner paid out of the award, but for which he failed to claim deduction in his return for the year. In section 23 (b) of the Revenue Act of 1928 it is provided:
In computing net income there shall be allowed as deductions:
*******
(b) Interest. — All interest paid or accrued within the taxable year on indebtedness * * [Remainder of paragraph not material here.]
*1080 Petitioner having paid this interest on his indebtedness within the taxable year, we sustain petitioner on this issue.
Another issue raised on the pleadings was expressly abandoned by petitioner.

Judgment will be entered under Rule 50.