ESTATE OF RUTH E. DUBOIS, DECEASED, EDWIN LEHMER, EXECUTOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of DuBois v. Commissioner
Docket No. 19001-92
United States Tax Court
T.C. Memo 1994-210; 1994 Tax Ct. Memo LEXIS 210; 67 T.C.M. (CCH) 2951; May 11, 1994, Filed *210 Decision will be entered under Rule 155. For petitioner: Edwin Lehmer. For respondent: Charlotte A. Mitchell. TANNENWALD
TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined a deficiency of $ 875,304 in the estate tax of Ruth E. DuBois (decedent). Other issues having been settled by the parties, the sole issue for decision is whether, at the time of her death, decedent owned the entire or only a one-third interest in a corporation. All of the facts have been stipulated and are so found. Decedent died on October 17, 1988. Edwin W. Lehmer is the duly constituted sole executor under her last will and testament. He resided in Belmont, California, at the time the petition herein was filed. Belle Estates (Corporation) is a California corporation, formed on January 7, 1957. The three incorporators were Edwin W. Lehmer, Jane Wood, and William D. Markee who were also named as the initial directors. On January 8, 1957, decedent transferred property which she valued at $ 338,670 to the Corporation. In the estate tax return, the Corporation was valued, based upon 1,000 "fictional shares," at $ 2,658.10 per share, a value which respondent has not disputed. The Corporation *211 never issued any shares of stock. The record does not disclose any minutes in respect of the issuance of stock or the election of directors and/or officers. Decedent's last will and testament provided that her property be divided equally between her two sons, Edwin W. Lehmer and George H. Lehmer. The Corporation's tax return for its fiscal year ending August 31, 1964, was signed by decedent as secretary. The Corporation's tax return for its fiscal year ending August 31, 1965, was signed by Edwin W. Lehmer as president. On the Corporation's tax returns for the fiscal years ending on August 31, 1969, 1973, 1979, and 1983 through 1988, the question whether any corporation, individual, partnership, trust, estate, or association owned 50 percent or more of its voting stock was answered, "No.". On the Corporation's tax returns for the years ending on August 31, 1979, and 1983 through 1987, the decedent and her two sons were reported as officers of the Corporation, each owning 33.33 percent of its stock. All returns other than those for the years ending August 31, 1964 and 1965, were signed by a tax return preparer, but the name or signature of the signing officer of the Corporation *212 does not appear on the stipulated copies of the returns. Those returns contain no further relevant information. At the outset, we recognize that a voluntary transfer of property to a corporation can constitute a gift to the individual shareholders of the corporation (other than the transferor) to the extent of their proportionate interests in the corporation. Kincaid v. United States, 682 F.2d 1220 (5th Cir. 1982); Tilton v. Commissioner, 88 T.C. 590, 597 (1987); sec. 25.2511-1(h)(1), Gift Tax Regs. Our disposition of the instant case turns upon the question whether decedent's two sons and decedent or only decedent were shareholders of the Corporation at the date of death. That question is essentially factual and depends upon all the facts and circumstances relating to two elements, i.e., the intention of decedent and actions implementing that intention. Richardson v. Commissioner, 126 F.2d 562 (2d Cir. 1942), affg. on this issue 42 B.T.A. 830 (1940) and 39 B.T.A. 927 (1939); Weil v. Commissioner, 82 F.2d 561 (5th Cir. 1936), *213 affg. 31 B.T.A. 899 (1934); Kraft v. Commissioner, T.C. Memo. 1969-232; Apt v. Birmingham, 89 F. Supp. 361 (N.D. Iowa 1950). The burden of proof is on petitioner, Rule 142(a) of the Tax Court Rules of Practice and Procedure, and that burden is not lessened because this case was submitted fully stipulated. Borchers v. Commissioner, 95 T.C. 82, 91 (1990), affd. 943 F.2d 22 (8th Cir. 1991). Petitioner contends that decedent made a gift of a one-third interest in the Corporation to each of her sons at the time the Corporation was formed and she transferred property to it. Petitioner also argues that the Corporation's financial activities reflected by the information in the stipulated tax returns and the fact that Edwin W. Lehmer performed many acts as president of the Corporation[1] support the contention that she only owned a one-third interest in the Corporation at the time of her death. *214 Petitioner relies heavily on the statement of ownership of the Corporation on several of the Corporation's tax returns. However, tax returns do not establish facts. Roberts v. Commissioner, 62 T.C. 834, 837 (1974). Nor does the fact that decedent's will divided her property between her two sons constitute persuasive evidence that she gifted them an interest in the Corporation prior to her death. A will speaks only as of the date of death and, in any event, the provision equally dividing the "property" does not answer the question of what property was being divided. Beyond the foregoing, we think it significant that decedent never filed any gift tax return covering the claimed gifts to her two sons. [2] With respect to the financial activities reflected on the Corporation's tax returns and the actions of Edwin W. Lehmer, as president of the Corporation, neither of these elements provides any persuasive evidence as to the ownership of the Corporation. *215 The record herein is totally devoid of any other actions on the part of decedent, such as the issuance and transfer of certificates of shares of stock or transfers of stock on the books and records of the corporation, actions which standing alone might not have been sufficient but in the totality of the picture herein might have buttressed petitioner's position. Richardson v. Commissioner, supra; Bucholz v. Commissioner, 13 T.C. 201 (1949); Varnell v. Commissioner, 28 B.T.A. 231 (1933), affd. without opinion (6th Cir., March 12, 1935); Campbell v. Commissioner, T.C. Memo. 1979-411. The long and short of the matter is that the record herein does not contain sufficient evidence to enable us to conclude that petitioner has satisfied the burden of proof. We reach this conclusion whether Federal law or California law is applied with respect to the existence of a gift. See Richardson v. Commissioner, 126 F.2d at 567; Klein v. Farmer, 160 P.2d 30 (Cal. Ct. App. 1945). Petitioner's reliance on Kincaid v. United States, supra, *216 is misplaced. In that case, the sons were clearly shareholders of the corporation at the time of the transfer of property by the mother. One final word. Petitioner asks that we devise a fair and equitable method of payment of the tax resulting from our decision herein, taking into account the alleged non-liquidity of the estate's primary asset (raw land). Aside from the fact that the record does not contain any persuasive evidence as to "non-liquidity", the question of the terms of payment of any deficiency established by our decision is beyond our jurisdiction. To reflect our holding herein and the settlement of other issues by the parties, Decision will be entered under Rule 155.
Footnotes
1. Several documents relating to such acts were stipulated.↩
2. Petitioner also seeks relief on the ground that respondent should not be able to pick and choose the most expensive tax to assert and that, therefore, we should impose the gift tax and allow an estate tax deduction as a debt of decedent. Aside from the fact that respondent is under no obligation to choose the least expensive rather than the correct approach, we note that, if respondent had done so in this case, petitioner could have resisted the gift tax determination for the very reasons respondent rejects the claim of gifts herein and that the statute of limitations could have run on an estate tax deficiency before the gift tax issue was resolved.↩