ROBERT ALAN SOLTIS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Soltis v. Commissioner
Docket No. 12663-93
United States Tax Court
T.C. Memo 1994-246; 1994 Tax Ct. Memo LEXIS 246; 67 T.C.M. (CCH) 3034; May 31, 1994, Filed *246 Robert Alan Soltis, pro se. For respondent: Eric Swensen. BUCKLEY
BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b) (3) and Rules 180, 181, and 182. [1] Respondent determined a deficiency in petitioner's 1988 Federal income tax in the amount of $ 1,050. The deficiency determination by respondent arose from her disallowance of deductions in the amount of $ 176 for dues and publications, $ 750 for bad debts, and $ 2,787 for miscellaneous deductions. Petitioner, in a Stipulation of Settled Issues, has conceded that he is not entitled to any of these deductions. Rather, he requests a decision from this Court that he is not liable for interest thereon, and that the amount of tax due may not be collected. Most of the facts have been stipulated, and they are *247 so found. The stipulation, and exhibits attached thereto, are incorporated herein by reference. Petitioner resided at La Jolla, California, when he timely filed his petition herein. Petitioner is a lieutenant and attorney with the U.S. Navy and has been since November 3, 1989. Petitioner argues that the Soldiers and Sailors Civil Relief Act, 50 App. U.S.C. section 573 (1988) provides that he is not liable for interest on the deficiency while he is on active duty with the U.S. Navy, and further, that the Internal Revenue Service is precluded from collecting the tax deficiency. Respondent argues that this Court lacks jurisdiction over both the question of interest as well as the matter of collection of the deficiency. We agree with respondent. 50 App. U.S.C. section 573 provides in relevant part that: The collection from any person in the military service of any tax on the income of such person, whether falling due prior to or during his period of military service, shall be deferred for a period extending not more than six months after the termination of his period of military service if such person's *248 ability to pay such tax is materially impaired by reason of such service. No interest on any amount of tax, collection of which is deferred for any period under this section, and no penalty for nonpayment of such amount during such period, shall accrue for such period of deferment by reason of such nonpayment. * * * The above section has no applicability to proceedings in the Tax Court since this Court has no jurisdiction over either the collection of the admitted deficiency or the interest thereon. Accordingly, the question of the terms of payment of any deficiency established by our decision is beyond our jurisdiction. Estate of DuBois v. Commissioner, T.C. Memo. 1994-210. The Tax Court is a court of limited jurisdiction which is fixed solely by statute. Sec. 7442; Commissioner v. Gooch Milling & Elevator Co., 320 U.S. 418 (1943). Further, we have consistently held that we cannot exercise equitable authority to take jurisdiction over a matter not provided for by statute. Woods v. Commissioner, 92 T.C. 776, 787 (1989). [2]
*249 We have frequently held that as a general rule this Court lacks jurisdiction over issues involving interest. E.g., Standard Oil Co. v. McMahon, 244 F.2d 11, 13 (2d Cir. 1957); Perkins v. Commissioner, 92 T.C. 749, 752 (1989); LTV Corp. v. Commissioner, 64 T.C. 589, 597 (1975). While there are some specific recognized exceptions to the general rule, this case does not involve any such exception. See secs. 6861(c), 6901, 7481(c). Similarly, the general rule is that the Tax Court does not have jurisdiction over the collection of tax. It does have limited jurisdiction to restrain the assessment and collection of any tax by the IRS, but only where the tax is the subject of a pending petition in the Tax Court. Sec. 6213(a). There has been no claim made in the instant case that respondent is attempting to collect the deficiency (which petitioner has agreed he owes) prior to the entry of this Court's decision in this case. Petitioner chose this Court, but jurisdiction on these questions lies elsewhere. See Hogg v. Allen, 105 F. Supp. 12 (M.D. Ga. 1952), affd. *250 in part and revd. in part 214 F.2d 640 (5th Cir. 1954). Since petitioner has conceded he owes the deficiency in question, Decision will be entered for respondent. Footnotes
1. Section references are to the Internal Revenue Code in effect for the year at issue, unless otherwise indicated. Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Compare Estate of Mueller v. Commissioner, 101 T.C. 551↩ (1993).